UNITED STATES, Appellee

v

THEODORE C. FARRISON, Private E–2, U. S. Army, Appellant

10 USCMA 220, 27 CMR 294

No. 11,558

Decided February 13, 1959

*First Lieutenant James G. Garner* argued the cause for Appellant, Accused. With him on the brief were *Major Edward Fenig* and *First Lieutenant Edwin E. Allen.*

*First Lieutenant Avram G. Hammer* argued the cause for Appellee, United States. With him on the brief were *Major Thomas J. Nichols* and *First Lieutenant William H. Keniry.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

At the pretrial investigation the accused was represented by civilian and military lawyers of his own selection. They requested that four civilian witnesses be made available for cross-examination. The investigating officer's report indicates the witnesses were not "readily available." However, written statements containing the "substance" of their expected testimony were exhibited to the accused and his counsel.

At trial, the accused was represented by the same lawyers. No objection was made to the conduct or the sufficiency of the pretrial investigation, and no motion for a continuance was made for further preparation of the defense. Three of the four witnesses requested at the pretrial investigation appeared at the trial as prosecution witnesses and testified against the accused.

On this appeal the accused contends he was prejudiced by the failure to produce the requested witnesses. In substance, his argument is that since the prosecution "apparently had no trouble" in obtaining the witnesses for trial they must have been available for the pretrial investigation, and, consequently, should have been produced at that time for cross-examination.

Article 32 gives the accused the right to cross-examine witnesses against him "if they are available." The Article does not define the conditions of availability. Under the Manual for Courts-Martial, United States, 1951, the availability of a military witness is determined by the officer exercising summary court-martial jurisdiction over him. The Manual also observes that there is "no provision for compelling the attendance of witnesses not subject to military jurisdiction." Paragraph 34*d*, page 47; cf. paragraph 115. It would appear, therefore, that the decision as to availability might rest with the witness himself. However, whether this is actually so, need not concern us. Neither need we consider whether the investigating officer's statement that the witnesses were not "*readily* available" (emphasis supplied) satisfies the requirements of Article 32. No motion for appropriate relief was made, and there is no indication the accused was prejudiced at trial by the failure to produce the witnesses at the pretrial investigation. Under the circumstances, if there was error in the preliminary proceedings, it does not justify reversal of the findings of guilty. See United States v Mickel, 9 USCMA 324, 26 CMR 104.

The decision of the board of review is affirmed.

Judge LATIMER concurs.

FERGUSON, Judge (concurring):

Although the statements of the requested witnesses were not in affidavit form, I find United States v Samuels, 10 USCMA 206, 27 CMR 280, is inapplicable inasmuch as the accused waived his right by failing to move for appropriate relief at trial.