UNITED STATES, Appellee,

v.

Billy J. CHUCULATE, Private First
Class U. S. Marine Corps,
Appellant.

No. 33,341.
NCM 76–0813.

Court of Military Appeals.

June 5, 1978.

*Commander Carl H. Horst*, JAGC, USN,
argued the cause for Appellant, Accused.

*Captain Mark M. Humble*, USMCR, ar-
gued the cause for Appellee, United States.
With him on the brief were *Lieutenant
Colonel P. N. Kress*, USMC, and *Lieutenant
Patrick A. Fayle*, JAGC, USN.

Opinion of the Court

FLETCHER, Chief Judge:

The present case questions the propriety
of the investigating officer's failure to pro-
duce two civilian witnesses for the prosecu-
tion at the pretrial investigation.[1] One of
these witnesses was the object of the inde-
cent assault [2] of which appellant was later
convicted.

---

1. Article 32, Uniform Code of Military Justice,
10 U.S.C. § 832.

2. At trial by general court-martial, Chuculate
was found guilty of two specifications of unau-

This witness, a Mrs. Hill, in company with her friend, Mrs. Ables, being Marine wives, had utilized the base gymnasium facilities during "ladies night." After a period of exercise, Mrs. Hill went to the outdoor running track in order to complete a mile course. While she ran, the appellant approached her, running alongside and attempted to engage her in conversation. Then, over her great objection, the appellant attempted to embrace and kiss her, grabbing her person and fondling her breasts. Thereupon, appellant left; Mrs. Hill proceeded to the gymnasium in an hysterical state where she met Mrs. Ables and related to her the details of the assault. As the two women were returning to the gymnasium, appellant burst out and Mrs. Hill told Mrs. Ables, "That's the guy." Afterwards they reported the incident to the duty non-commissioned officer in charge of the gymnasium.

During the pretrial investigation appellant sought to examine both Mrs. Hill and Mrs. Ables; the government indicated that while both were invited to attend,[3] they had nevertheless declined. On the basis of this apparent refusal, the Article 32 Investigating officer denied the defense request for their attendance. Sworn statements covering their testimony were admitted over objection.

Article 32(b) provides in pertinent part:
At that investigation full opportunity shall be given to the accused to cross-examine witnesses against him if they are available and to present anything he may desire in his behalf, either in defense or mitigation, and the investigating officer shall examine available witnesses requested by the accused.

■ Examination of the Uniform Code and the Manual for Courts-Martial reveals

no provision expressly authorizing compulsory process for an Article 32 hearing witness' appearance. However, as we read Article 32, mere refusal of a civilian to testify, even in the face of the apparent failure of the code to provide an Article 32 investigating officer with subpoena power, does not *eo ipso* nullify the defense right to cross-examine. *Cf. United States v. Lemons*, 49 C.M.R. 521 (A.F.C.M.R.1974) and *United States v. Chavez-Ray*, 49 C.M.R. 517 (A.F.C.M.R.1974), both reversed on other grounds, 1 M.J. 34 (C.M.A.1975).

The instant case differs from its predecessors before this Court by involving two civilian witnesses[4] signaling some intention not to appear voluntarily. It requires us to give some guidance on the application of the concept of "availability" in Article 32(b) as applied to the right to cross-examine adverse Article 32 investigation witnesses beyond military control. Proper understanding of this matter involves examination of this Court's precedent.

The case of *United States v. Mickel*, 9 U.S.C.M.A. 324, 26 C.M.R. 104 (1958), answered the certified question of the correctness of the holding of the Board of Review that failure to provide Article 27(b) qualified counsel at an Article 32 hearing constituted reversible error in the absence of specific prejudice and timely objection. The Court agreed with the Board of Review both that the pretrial investigation is integral to the general court-martial proceedings and that the right to counsel is fundamental to a proper Article 32 investigation.

The following language, properly read, is illuminating:
Thus, if an accused is deprived of *a substantial pretrial right* on timely objection, he is entitled to judicial enforcement of his right, without regard to whether such

---

3. While some ambiguity exists in the record regarding the disinclination of these two women to attend the Article 32 sessions, the Court of Military Review, in its role as fact finder, found that these individuals had refused.

4. No military command compulsion was available to encourage these reluctant civilians to appear at the investigatory hearing.

thorized absence in violation of Article 86, UCMJ, 10 U.S.C. § 886, and of indecent assault, in violation of Article 134, UCMJ, 10 U.S.C. § 934. His sentence, approved by the convening authority and affirmed by the U. S. Navy Court of Military Review, included a bad-conduct discharge, confinement at hard labor for 6 months, forfeiture of $300.00 pay per month for 6 months and reduction to pay grade E–1.

enforcement will benefit him at the trial. At that stage of the proceedings, he is perhaps the best judge of the benefits he can obtain from the pretrial right. Once the case comes to trial on the merits, the pretrial proceedings are superseded by the procedures at the trial; the rights accorded to the accused in the pretrial stage merge into his rights at trial. If there is no timely objection to the pretrial proceedings or no indication that these proceedings adversely affected the accused's right at the trial, there is no good reason in law or logic to set aside his conviction. [*Mickel, supra* at 327, 26 C.M.R. at 107 (emphasis added)]

Examining the pertinent facts of the case and finding an absence of timely objection at the trial regarding pretrial deficiencies, the Court reversed the decision of the Board of Review.

The *Mickel* decision was the principal decisional basis for *United States v. Donaldson*, 23 U.S.C.M.A. 293, 49 C.M.R. 542 (1975), which contributes to a correct reading of the previously cited *Mickel* language. *Donaldson* presented once again an instance of deprivation of a substantial pretrial right: a properly convened Article 32 investigation. At trial, there was a defense objection that the officer who convened the pretrial investigation was not empowered to do so.[5] Citing the first sentence of the above quotation from *Mickel* the Court set aside the findings regarding charges involved in the improper Article 32 investigation, applying an automatic reversal rule upon timely objection even "without regard to whether such enforcement will benefit [an accused] at the trial." Then, with respect to two additional charges not included in the investigation but successfully prosecuted at trial, the court determined that failure to object constituted waiver under

the authority of the last sentence of the *Mickel* rubric we have cited.

It was with this background in mind that we made our decision regarding the Article 32 witness dispute in *United States v. Ledbetter*, 2 M.J. 37 (C.M.A.1976). After weighing the significance of the testimony of a key military witness for the prosecution in an Article 32 investigation against the difficulty and expense of his live appearance, we determined that to deny his presence was to deprive the accused of a substantial pretrial right. Thus we held that the trial judge prejudicially erred in failing to grant the appellee's motion to reopen the investigation and order appearance of the witness.

Most recently we decided the case of *United States v. Chestnut*, 2 M.J. 84 (C.M.A.1976). There the prosecutrix of a rape charge had not refused appearance at a pretrial hearing but was determined unavailable by the trial judge's adoption of the investigating officer's mere assumption of unavailability. Failure to grant a motion for continuance to depose the witness[6] required reversal by this Court. Our perception of the trial judge's denial in that case was that it manifested an arbitrary decision of unavailability antithetical to his judicial function. Our footnote four in that case was bottomed on the antecedent decisions of this Court which we have discussed and which support the proposition that in the face of timely and proper objection to deprivation of substantial pretrial rights this Court simply will not test for prejudice.

 Turning to the instant case, we see no evidence of a proper defense motion for deposing the absent civilian witnesses. It cannot be doubted that their absence deprived the accused of a substantial pretrial right.[7] However, we perceive that the

---

5. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 33*e*.

6. She was then actually present for trial purposes.

7. We acknowledge that the statutory standard of confrontation for Article 32 investigations is different from the constitutional standard applicable to criminal trials. Under different facts it may be that absence of the prosecutrix, whose identification of the assailant and personal veracity are quintessential, may invalidate the proceeding. Here the unusual nature of the identification of the accused, as put forth in the sworn statements in the Article 32 investigation, constitute sufficient pretrial identification of the accused. Mrs. Hill identified appel-

*Mickel* rule, as clarified by succeeding cases, mandates that where a defense counsel fails to timely urge [8] appellant's substantial pre-trial right—in this instance, the opportunity to depose in lieu of sworn personal cross-examination—with no adverse effect at trial,[9] then, ". . . there is no good reason in law or logic to set aside his conviction." *Mickel, supra* at 327, 26 C.M.R. at 107.

The decision of the United States Navy Court of Military Review is affirmed.

Judge PERRY concurs.

COOK, Judge (concurring in the result):

Recognizing that an Article 32 [1] hearing serves important purposes for an accused, as well as for the Government, this Court has stressed that the accused is "on timely objection . . . entitled to judicial enforcement of" a right denied him at the hearing, "*without regard to whether such enforcement will benefit him at the trial.*" *United States v. Mickel*, 9 U.S.C.M.A. 324, 327, 26 C.M.R. 104, 107 (1958), cited in *United States v. Donaldson*, 23 U.S.C.M.A. 293, 294, 49 C.M.R. 542, 543 (1975) '(emphasis added). The accused here interposed timely objection to denial of the right Article 32 accords to "cross-examine witnesses against him." However, under the article the right to cross-examine applies only to witnesses who "are available." The Government contends the accused was not denied the right because the witnesses were, in fact, unavailable. The principal opinion notes the issue and purports to provide "some guidance on the application of the concept of 'availability,'" but it advances a reason for deciding the appeal against the accused that I do not understand.

My view of the matter is that the witnesses were not available for cross-examination within the meaning of Article 32. Both witnesses were civilians. The Uniform Code of Military Justice does not, itself, provide for compulsory process to obtain the presence of a civilian witness at an Article 32 investigation. The Manual for Courts-Martial, United States, 1951, paragraph 34d, specifically commented on the absence of any "provision [in military law] for compelling the attendance of witnesses not subject to military jurisdiction" at an Article 32 hearing. *Cf.* paragraph 115, Manual, *supra*. This Court remarked on the deficiency in *United States v. Farrison*, 10 U.S.C.M.A. 220, 221, 27 C.M.R. 294, 295 (1959); while not deciding the matter, the Court observed that, in practical terms, "the decision as to availability might rest with the witness himself." The Manual for Courts-Martial, United States, 1969 (Revised edition), para. 34d, as amended by Executive Order 11835 (dated January 29, 1975), 40 Fed.Reg. 4247 (1975), omitted the 1951 Manual's comment on the unavailability of process to compel an unwilling civilian witness to appear and testify at an Article 32 hearing. The omission, in my opinion, did not change the law, although it does provide for payment of an allowance to a witness who agrees to appear voluntarily. *See* my dissent in *United States v. Quan*, 4 M.J. 244 (C.M.A.1978).

The absence of compulsory process was a central factor in all the rulings below upholding the decision of the Article 32 investigating officer that the civilian witnesses were unavailable for cross-examination by the accused. At the time of the Article 32 hearing, both civilian witnesses had stated they would not attend without subpoena.

lant to Mrs. Ables as they were entering to report the incident. Mrs. Ables earlier had seen appellant in the gymnasium. She learned his identity from the gymnasium NCO who identified him as Chuculate, a brig parolee registrant.

**8.** Unlike defense counsel in *Chestnut*, this counsel seemed unaware of his right to preserve his Article 32 rights to cross-examination by means other than live appearance.

**9.** Prior to trial in this case the defense counsel had extensive interviews with both of the witnesses in question here and as a consequence was given sufficient discovery of their knowledge.

**1.** Uniform Code of Military Justice, 10 U.S.C. § 832.

At the trial, they testified in connection with a defense motion to dismiss;[2] each acknowledged she had been requested to appear, but both stated that they had refused to attend. I agree with the Court of Military Review below that ample evidence supports the trial judge's ruling that the witnesses were not available for the Article 32 hearing and the accused was, therefore, not denied any right assured him by the article.

For the reason indicated, I join in affirming the decision of the United States Navy Court of Military Review.

2. Material error in the conduct of an Article 32 proceeding justifies appropriate relief, not dismissal of the charges. *United States v. Samuels,* 10 U.S.C.M.A. 206, 27 C.M.R. 280 (1959).