# UNITED STATES
v.

**Staff Sergeant John H. STRATTON, Jr., FR 096–48–9992, United States Air Force.**

**ACM 23320.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 Aug. 1981.

Decided 15 March 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Richard A. Morgan.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before MILES, KASTL and RAICHLE, Appellate Military Judges.

## DECISION

MILES, Senior Judge:

Despite his pleas, the accused was convicted at a general court-martial bench trial of carnal knowledge, sodomy and uttering three worthless checks in violation of Articles 120, 125 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for one year, forfeiture of $500.00 per month for one year and reduction to sergeant.

Appellate defense counsel assert violation of accused's pretrial investigation rights; argue that the worthless check offenses were not proved; and urge that trial counsel's sentencing argument was improper. We find all offenses proved and no prejudicial error; and we affirm.

### I

The accused was originally charged with rape, assault and battery on a child under 16, assault with a dangerous weapon and uttering three worthless checks.[1] These charges were thoroughly investigated, and the investigating officer subsequently recommended an additional charge of sodomy (cunnilingus). The defense counsel then asked for the Article 32 investigation to be reopened so that three of the original witnesses could be cross-examined further on the sodomy charge.[2] These witnesses were the prosecutrix, an interpreter and a German judge who had conducted preliminary hearings under German law on the alleged rape offense.

The investigating officer determined that the prosecutrix was unavailable;[3] the presence of the interpreter was waived by the defense; and further examination of the judge was cancelled because the accused was on leave and could not be found. The defense counsel objected and at trial asked the military judge to return the case for further Article 32 proceedings or dismiss the sodomy offense. The military judge declined to do either; it is this ruling that appellate defense counsel claim is error requiring that the sodomy offense be dismissed.

We need not determine the correctness of the trial judge's ruling declining to reopen the pretrial investigation.[4] The right to confront witnesses under oath before trial, while an important right,[5] can be lost by inaction. *See United States v. Chuculate*, 5 M.J. 143 (C.M.A.1978); *United States v. Donaldson*, 23 U.S.C.M.A. 293, 49 C.M.R. 542 (1975). In this case, the defense counsel did not move at trial for production or deposition of the absent witnesses although this possible course of action was suggested by the trial counsel.[6] The defense failure to do so constituted a waiver of any right to complain because the Article 32 investigation was not reopened. *United States v. Chuculate, supra; United States v. Cruz*, 5 M.J. 286, 288 (C.M.A.1978).

---

1. At trial, he was acquitted of the two assaults and the rape, but found guilty of the lesser included offense of carnal knowledge, as well as the sodomy and worthless check offenses.

2. The defense right to demand reopening is explicitly recognized by Article 32(c), U.C.M.J., which provides:

   A demand for further investigation [of an additional charge] entitles the accused to recall witnesses for further cross-examination and to offer any new evidence in his own behalf.

   Also see Manual for Courts-Martial, 1969 (Rev.), paragraph 34.

3. The prosecutrix had testified at the original Article 32 investigation. On her further appearance at a reopened Article 32, the Investigating Officer's report noted:

   [The prosecutrix] has refused to appear for the Article 32. She is taking examinations and will not be done until 23 June 1981 [six weeks hence]. Therefore, she is unavailable.

4. *Supra*, note 2.

5. *See, United States v. Chestnut*, 2 M.J. 84 (C.M.A.1976); *United States v. Ledbetter*, 2 M.J. 37 (C.M.A.1976).

6. The importance of such a motion was suggested in *United States v. Chestnut, supra* note 5, and confirmed by the decisions in *United States v. Cruz*, 5 M.J. 286 (C.M.A.1978) and *United States v. Chuculate*, 5 M.J. 143 (1978).

As the United States Court of Military Appeals pointed out in *United States v. Chuculate, supra* at 146:

> [W]here a defense counsel fails to timely urge appellant's substantial pretrial right-in this instance, the opportunity to depose in lieu of sworn personal cross-examination-with no adverse effect at trial, then, '. . . there is no good reason in law or logic to set aside his conviction.' [*United States v. Mickel*, 9 U.S.C.M.A. 324, 327; 26 C.M.R. 104, 107 (1968)] [Footnotes omitted].

 It is evident there was no adverse effect from the failure to reopen the Article 32 investigation. The testimony of the prosecutrix, a child victim, on the sodomy charge was convincing; and the accused judicially admitted the sodomy offense at trial in his testimony. In reason and logic, there is no need to disturb the sodomy conviction. *United States v. Cruz, supra*, and *United States v. Chuculate, supra.*

## II

 In another assignment of error, appellate defense counsel claim that the trial counsel's closing sentence argument was improper and intended to inflame the passions and prejudices of the military judge. We resolve this claim adversely to the accused. A military judge is presumed to have disregarded improprieties in argument. *United States v. Montgomery*, 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970); *United States v. Moore*, 1 M.J. 856 (A.F.C.M.R. 1976). The relatively lenient sentence, under the circumstances, confirms that the argument had no impact on the military judge. Also, the defense counsel waived any error by not objecting. *United States v. Nelson*, 1 M.J. 235 (C.M.A.1975); *United States v. Doctor*, 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956).

## III

On the remaining issue raised by appellate defense counsel, we find the worthless check offenses proved by the evidence of record. The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

KASTL and RAICHLE, Judges, concur.