UNITED STATES, Appellee,

v.

Private (E–1) Alonzo GRAY, Junior, SSN 100–62–9360, United States Army, Appellant.

CM 443000.

U.S. Army Court of Military Review.

31 May 1983.

---

Colonel William G. Eckhardt, JAGC, Captain James A. McAtamney, JAGC, and Captain Jesse W. Bendahan, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Thomas E. Booth, JAGC, and Captain Leonard L. Lucey, JAGC, were on the pleadings for appellee.

Before CLAUSE, COKER and HANFT, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

After only five days on active duty, appellant engaged in a series of acts resulting in trial by general court-martial for a short absence without leave (AWOL), attempted larceny of an automobile, disobedience of a noncommissioned officer, assault with the intent to inflict grievous bodily harm, and assault with a means likely to cause grievous bodily harm. In accordance with his pleas, he was convicted of attempted wrongful appropriation, disobedience, and the two assaults in violation of Articles 80, 91, and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 891, and 928 (1976). The AWOL charge was dismissed. Appellant now alleges for the first time that: 1) The pretrial investigation did not comply with Article 32, UCMJ, 10 U.S.C. § 832 (1976); 2) The ordering of a second sanity board by the convening authority was improper; and 3) The plea of appellant was improvident due to the appellant's lack of mental responsibility. We disagree and find no error.

### I

The first investigating officer found reasonable grounds for inquiring into the mental responsibility of the appellant both at the time of the alleged offenses and at the time of the investigation. He concurred in the trial defense counsel's request for a sanity board, however, he terminated the investigation and submitted his report before the sanity board was conducted. A new investigating officer was subsequently appointed, and while he considered the results of the sanity board and the first investigative report, he denied the trial defense counsel's request to recall the witnesses. He concluded that there was substantial evidence to prove the appellant's mental responsibility, contrary to the import of the one member sanity board. While the actions of both investigating officers and the proper compliance with Article 32, UCMJ, 10 U.S.C. § 832 (1976), is subject to some question in this case, any issue concerning the correctness of the pretrial investigation was conclusively waived by the trial defense counsel's decision not to raise it at trial by motion or objection. *United States v. Chuculate,* 5 M.J. 143 (C.M.A.1978). We note that no issue of mental responsibility or competency was raised by appellant at trial.

### II

Results of the first sanity board established that the appellant had a mixed personality disorder and as a result "was unable to appreciate that his acts were criminal" and, "was in fact unable to conform his behavior to the requirements of the law." Appellant's conduct was termed, "a type of temporary insanity" but there was "no diagnosable form of psychosis." The report was silent and nowhere provided an answer to the question of whether the appellant had a mental disease or defect. Under *United States v. Frederick,* 3 M.J. 230 (C.M.A.1977), and paragraph 121, Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM, 1969 (Rev.)), the lynch pin to a determination of mental responsibility is the existence of a mental disease or defect. The contradictory nature of the sanity board findings raised serious doubts as to the mental responsibility of the appellant, but provided no legal basis for a decision. To respond to the government's burden to prove mental responsibility, and to respond to the trial defense counsel's repeated requests for immediate trial, the staff judge advocate recommended in his pretrial advice to the convening authority

that the charges be referred to trial by general court-martial and that a second sanity board be ordered. The convening authority simultaneously approved both recommendations on 29 July 1982: the second sanity board report was issued on 5 August 1982, and the trial was held on 12 August 1982. The second sanity board of three members found no mental disease or defect, and no lack of substantial capacity by the appellant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law. The sanity board did find a mental capacity by the appellant to form specific intent and competency to stand trial.

Under the circumstances of this case there was no error in the convening authority's action ordering a second sanity board contemporaneously with the referral of the charges to trial. As the first board's results did not comply with the requirements of law, did not answer the trial defense counsel's request, and did not fulfill the government's burden, a second sanity board was required. Further, at the time of the convening authority's decision, responsibility had not in fact passed to a military judge: the direction for referral had been issued by the convening authority, but the actual referral had not been accomplished. The language in paragraph 121, MCM, 1969, Rev., relied on by appellate defense counsel is not therefore applicable to this case.

### III

This Court finds that, while the specter of mental responsibility arose at trial as both sanity boards were listed on an appellate exhibit, the defense of insanity was not reasonably raised by the evidence of record or by the inquiry into the appellant's plea of guilty. At trial, in responding to the trial judge's questions, the trial defense counsel stated he had inquired into the mental responsibility and competency of the appellant and was satisfied that there was no viable issue. This was a hotly contested case, albeit, primarily in pretrial proceedings. Trial defense counsel successfully sought the initial sanity board, a second

Article 32 investigation, a second pretrial advice to the convening authority, and an immediate trial. Trial defense counsel presented and thoroughly litigated four motions at trial. He was successful in having the AWOL charge dismissed and the larceny charge reduced to wrongful appropriation and yet preserved the appellant's pretrial agreement with the convening authority. The vigorous and aggressive actions of trial defense counsel, exercised throughout the pretrial and trial proceedings in a competent, professional, and conscientious manner, leads to one conclusion. Appellant and his counsel, with all evidence available, determined that the defense of insanity was neither supportable, nor viable. We will not second guess that decision. *United States v. Jefferson,* 13 M.J. 1 (C.M.A.1982); *United States v. Rivas,* 3 M.J. 282 (C.M.A. 1977). We are convinced beyond a reasonable doubt that the appellant was mentally responsible and competent.

The findings of guilty and the sentence are affirmed.