UNITED STATES, Appellee,

v.

Sergeant Paul V. BRAMEL, 268–50–5123, United States Army, Appellant.

ACMR 8701207.

U.S. Army Court of Military Review.

22 Feb. 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. VanderBoom, JAGC, Captain Donna L. Wilkins, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain Amaury R. Colon, JAGC (on brief).

Before DeFORD, KENNETT, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial composed of officer and enlisted members of forcible sodomy on a child under the age of sixteen on various occasions during a two year period, in violation of Article 125, of the Uniform Code of Military Justice, 10 U.S.C. § 925 (1982) [hereinafter UCMJ].[1] His approved sentence included a dishonorable discharge, confinement for twenty years and reduction to the grade of Private E1.

Appellant appeals a ruling of the military judge denying his motion for a new pretrial investigation under Article 32, UCMJ. Specifically, appellant contends that he was

---

**1.** The child, appellant's stepson, was born in October 1981; the incidents specified in the charges occurred between March 1984 and April 1986; the Article 32 hearings took place on 2 and 3 March 1987; appellant was tried in April and May 1987.

denied the rights of confrontation and *pro se* representation at this pretrial investigation. We disagree and affirm.

## I

### A

The facts are not in dispute. After receiving the charges against the accused and ordering an investigation pursuant to Article 32, UCMJ, the summary court-martial convening authority, at the request of the counsel detailed to represent the government at the investigation, provided the investigating officer with special instructions relative to taking the child victim's testimony. These instructions directed the investigating officer to place a partition between the child and the appellant so that the child could testify without knowledge of the appellant's presence. In addition, the investigating officer was required to instruct all persons present at the hearing not to make the presence of the appellant known to the child. The special instructions further provided that the defense counsel would be permitted to view the child as he testified but that the appellant was only permitted to hear the child's testimony.[2]

Defense counsel filed written objections to the use of the partition claiming, *inter alia*, that the partition prevented the appellant from confronting the child and hindered cross-examination. The investigating officer noted appellant's objections but nevertheless directed that the child testify from behind a partition, shielded from the appellant but in view of the appellant's defense counsel. After his objections were denied, appellant requested permission to act as his own attorney but only for the limited purpose of cross-examining the child. This request was also denied by the investigating officer. Throughout the hearing, the appellant was represented by both military and civilian counsel who conducted an extensive inquiry into the child's competency to testify and into the truth and veracity of the child's statements.[3]

### B

At trial, the appellant reasserted his pretrial objections and moved that the military judge order a new pretrial investigation pursuant to Article 32, UCMJ. The military judge made findings of fact that, although the use of the partition inconvenienced defense counsel, it did not materially interfere with counsel's ability to consult with the accused, to observe and hear the child's testimony, or to conduct effective cross-examination. The judge also found as a matter of law that the right to face-to-face confrontation at a pretrial investigation is not a "substantial" right requiring a new Article 32 investigation if violated. The military judge denied the motion concluding that the use of the partition, while error, did not result in prejudice.

The judge also denied that part of appellant's motion premised upon a denial of right to counsel. The military judge found that the request for self-representation was "a ploy to defeat the use of the screen." Apparently, the judge concluded that appellant's request was neither timely nor sincere but was submitted in an effort to defeat the effect of the partition.

The child subsequently testified at trial—without benefit of the partition—and was subjected to an extensive cross-examination by appellant's counsel. The appellant did not renew his demand for self-representa-

---

2. The government representative, Captain C., decided that this action was appropriate after the child's mother stated that the child might not testify in the presence of the appellant. The mother also stated that the child was afraid of men in general and of the appellant in particular due to the sexual abuse he had suffered. Captain C. did not attempt to corroborate this information by psychological examination before requesting the special instructions.

3. Appellant's military defense counsel submitted a written memorandum to the investigating officer announcing that he intended to examine the child only for the purpose of discovery and that the right of cross-examination was being reserved for trial. We assume that counsel was attempting to preclude the later use of the child's testimony during trial should he become unavailable. *See* Mil.R.Evid. 804(b)(1). *See also United States v. Hubbard*, 18 M.J. 678 (A.C. M.R.1984), *petition granted*, 21 M.J. 275 (C.M.A. 1985).

tion but elected to continue with the services of the military counsel previously detailed and the civilian defense counsel he had previously hired.

## II

On appeal, the appellant contends that the military judge erred in denying his motion for a new pretrial investigation. His argument is premised on two decisions of the United States Supreme Court: *Coy v. Iowa,* —— U.S. ——, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), and *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

## A

In *Coy v. Iowa,* the Court reviewed a factual situation similar to the one in the case at bar. The Supreme Court reversed and remanded Coy's conviction for sexually assaulting two 13–year–old girls, because the trial court, acting in accordance with an Iowa State statute, had permitted the two victims to testify behind a screen which enabled Coy "dimly to perceive the witnesses, but the witnesses to see him not at all." *Coy v. Iowa,* 108 S.Ct. at 2799. In reversing the conviction, the Court reaffirmed earlier decisions describing the "literal right to 'confront' the witness at the time of trial" as "forming the core" of the Confrontation Clause and as including the right to physically face and cross-examine those who testify. *Coy v. Iowa,* 108 S.Ct. at 2801 (quoting *California v. Green,* 399 U.S. 149, 157, 90 S.Ct. 1930, 1934, 26 L.Ed. 2d 489 (1970), and *Pennsylvania v. Ritchie,* 480 U.S. 39, 51, 107 S.Ct. 989, 998, 94 L.Ed.2d 40 (1987)). The Court emphasized the purpose underlying these guarantees, stating:

> The perception that confrontation is essential to fairness has persisted over the centuries because there is much truth to it. A witness "may feel quite differently when he has to repeat his story looking at the man whom he will harm greatly by distorting or mistaking the facts. He can now understand what sort of human being that man is." It is always more difficult to tell a lie about a

person "to his face" than "behind his back." In the former context, even if the lie is told, it will often be told less convincingly. The Confrontation Clause does not, of course, compel the witness to fix his eyes upon the defendant; he may studiously look elsewhere, but the trier of fact will draw its own conclusions. Thus the right to face-to-face confrontation serves much the same purpose as a less explicit component of the Confrontation Clause that we have had more frequent occasion to discuss—the right to cross-examine the accuser; both "ensur[e] the integrity of the fact-finding process." The State can hardly gainsay the profound effect upon a witness of standing in the presence of the person the witness accuses, since that is the very phenomenon it relies upon to establish the potential "trauma" that allegedly justified the extraordinary procedure in the present case. That face-to-face presence may, unfortunately, upset the truthful rape victim or abused child; but by the same token it may confound and undo the false accuser, or reveal the child coached by a malevolent adult. It is a truism that constitutional protections have costs.

*Coy v. Iowa,* 108 S.Ct. at 2802 (citations omitted).

However, the Court declined to go so far as to preclude all possibility of an exception to the right of face-to-face confrontation at trial. *Coy v. Iowa,* 108 S.Ct. at 2803. *See, e.g., State v. Vincent,* 159 Ariz. 418, 768 P.2d 150 (Arizona 1989). Nevertheless, even were we to assume that the right of face-to-face confrontation at trial is absolute, the holding of *Coy v. Iowa* is inapplicable to the case at bar.

In *Coy v. Iowa,* the Court differentiated between the right of physical, face-to-face confrontation *at trial,* a "right narrowly and explicitly set forth in the Clause," and other confrontation "rights" which are only implicit in the Confrontation Clause. *Coy v. Iowa,* 108 S.Ct. at 2802. The Court's opinion indicates that these latter rights are to be distinguished from the "irreducible literal meaning" of the Confrontation

Clause: "a right to *meet face to face* all those who appear and give evidence *at trial.*" *Coy v. Iowa,* 108 S.Ct. at 2803. *See also Barber v. Page,* 390 U.S. 719, 725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968) ("The right to confrontation is basically a trial right"). Because these rights are only implied from the clause, they are not absolute and may "give way to other important interests." *Coy v. Iowa,* 108 S.Ct. at 2802. One of the implicit rights referred to by the Court was the "right to face-to-face confrontation at some point in the proceedings *other than the trial itself.*" *Coy v. Iowa,* 108 S.Ct. at 2802–803 (citing *Kentucky v. Stincer,* 482 U.S. 730, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987)) (emphasis added).[4] Obviously, the pretrial investigation provided for by Article 32, UCMJ, is neither a trial nor part of the *trial* proceedings. Therefore, the extent of any right to a face-to-face confrontation with witnesses at an Article 32, UCMJ, pretrial investigation must be measured by a standard other than that announced in *Coy v. Iowa.*

### B

In *Kentucky v. Stincer,* the Supreme Court considered a case where the defendant was denied the right of face-to-face confrontation at an in-chambers competency hearing. In *Stincer,* the Supreme Court concluded that the defendant was not denied the right of confrontation because he otherwise enjoyed the "opportunity for full and effective cross-examination at trial" and because of the nature of the hearing from which he was excluded. *Kentucky v. Stincer,* 107 S.Ct. at 2668. These conclusions were premised on the fact that the witnesses were subject to the same scope of cross-examination at trial as at the competency hearing and on the fact that the competency hearing was not a "crucial stage of the trial." *Kentucky v. Stincer,* 107 S.Ct. at 2664–665, and 2666 n. 17.

 Applying this analysis to the case at bar, we note first that the primary func-

tion of the investigation is to obtain an impartial recommendation for disposition of the case and to provide the accused an opportunity for discovery. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial R.C.M. 405, Discussion. *See United States v. Alford,* 8 M.J. 516 (A.C.M.R.1979). Although the Article 32, UCMJ, pretrial investigation is an important pretrial right, it is not a critical stage or crucial step in the trial. *Compare United States v. Chuculate,* 5 M.J. 143 (C.M.A. 1978), and *United States v. Mickel,* 26 C.M. R. 104, 107 (C.M.A.1958) ("if an accused is deprived of a substantial pretrial right on timely objection, he is entitled to judicial enforcement of his right, without regard to whether such enforcement will benefit him at the trial"), *with United States v. Schaffer,* 12 M.J. 425 (C.M.A.1982) (the results of a pretrial investigation neither bind the convening authority nor delimit the evidence that later will be considered by the trier of fact), and *United States v. Samuels,* 27 C.M.R. 280 (C.M.A.1959) (an Article 32 investigation is "a preliminary proceeding, not a trial on the merits"). *See also United States v. Nickerson,* 27 M.J. 30 (C.M.A.1988) (an accused may revoke a waiver of the pretrial investigation only upon a showing of good cause). To the contrary, it is a proceeding preliminary to trial. Moreover, an Article 32, UCMJ, investigation neither requires the investigating officer "to decide difficult legal questions" nor does it require him to adhere to the strict rules of evidence. *United States v. Samuels,* 27 C.M.R. 280, 287 (C.M.A. 1959). Finally, the statute itself provides only for the right of cross-examination and does not provide for any right of confrontation. Article 32(b), UCMJ. Therefore, the Article 32, pretrial investigation, while an important right, is not the equivalent of a crucial trial right for purposes of the Confrontation Clause.

 Second, the use of the partition in the case at bar neither deprived the defense counsel of appellant's assistance nor

---

**4.** The other confrontation rights held by the Supreme Court to be implicit include the right of cross-examination and the right to exclude out-of-court, "hearsay" statements. *Coy v. Iowa,*

108 S.Ct. at 2802 (citing *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), and *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)).

detracted from due process considerations attendant to the proceeding. *See Kentucky v. Stincer,* 107 S.Ct. at 2668 (Marshall, J. dissenting). The child was subjected to extensive cross-examination at both the pretrial investigation and at trial. Where an accused is neither excluded from any part of the pretrial proceeding nor compelled to face out-of-court statements from absent witnesses, his right of cross-examination is not abridged. Absent any evidence that appellant's cross-examination or ability to cross-examine the child at trial was impaired,[5] we cannot conclude that there was a violation of the appellant's right of cross-examination at trial. We find no evidence of record indicating that the appellant was in any way prejudiced. Accordingly, we find no violation of the accused's Sixth Amendment rights to confrontation or cross-examination.

### C

■ Military courts have consistently acknowledged that the statutory right of confrontation under the Code and Manual for Courts–Martial "differs from the constitutional standard applicable to criminal trials." *United States v. Ledbetter,* 2 M.J. 37, 43 (C.M.A.1976). Neither Congress nor the President have expressly mandated face-to-face confrontations between witnesses and an accused at Article 32, UCMJ, investigations. The right of cross-examination provided for by statute is expressly limited to "available" witnesses. Article 32, UCMJ. The Manual likewise embraces this limitation. *See generally* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 405 [hereinafter R.C.M.]. Moreover, the investigating officer has no subpoena power at all over civilians, *United States v. Chuculate, supra,* and the availability of military personnel is subject to a balancing test, *United States v. Ledbetter,* 2 M.J. 37 (C.M.A.1976). Thus, the statute is not intended to afford an absolute right of either confrontation or cross-examination. As neither Congress nor the President has expressly mandated face-to-face confrontation, we decline to

adopt a broader interpretation of Article 32, UCMJ. The interest of society in shielding a child victim of sexual abuse from the trauma that may result from a face-to-face meeting with the accused has been held to outweigh the accused's right of confrontation at a noncrucial stage of a criminal prosecution. *Kentucky v. Stincer,* 107 S.Ct. at 2664. Accordingly, the appellant's complaint is without merit.

### III

■ Appellant's contention that he was improperly denied the right to represent himself at the Article 32 investigation is also without merit. The right of personal representation is of constitutional magnitude. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *United States v. Bowie,* 21 M.J. 453 (C.M.A. 1987), *cert. denied* 479 U.S. 820, 107 S.Ct. 83, 93 L.Ed.2d 37 (1986). *See* R.C.M. 506(d). The right of an accused to act as his own attorney during an Article 32 investigation is coextensive with the right at trial. Article 38(b), UCMJ, 10 U.S.C. § 838(b). However, this right is not absolute. R.C.M. 506(d) also provides, "The right of the accused to conduct the defense personally may be revoked if the accused is disruptive or fails to follow basic rules of decorum and procedure." This limitation was recognized by the Supreme Court in *Faretta v. California:*

> The right of self representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.

*Faretta v. California,* 422 U.S. at 835, n. 46, 95 S.Ct. at 2541, n. 46.

■ We hold that the military judge properly exercised his discretion in denying appellant's motion for a new Article 32 investigation. The evidence of record clearly demonstrates that appellant's request to represent himself was not inspired by a genuine desire to present his case during the investigation. The appellant's

---

**5.** For example, where the use of the screen influences a child witness' subsequent trial testimony by making it more difficult for an accused to prepare for cross-examination.

request for self-representation was limited to the Article 32, UCMJ, investigation and there solely to the cross-examination of the child witness. Therefore, we agree with the trial judge's finding that appellant's request in this case was merely "a ploy" to avoid the effects of the investigating officer's decision to use the partition. The appellant's invocation of this right was an attempt to circumvent the procedural directive of the investigating officer and a tactical maneuver to prevent the child from testifying. Accordingly, the denial of appellant's motion was neither arbitrary, capricious nor inconsistent with fundamental fairness nor did it constitute an abuse of discretion. *Accord United States v. Cauley,* 697 F.2d 486, 491 (2d Cir.), *cert. denied,* 459 U.S. 1222, 103 S.Ct. 1230, 75 L.Ed.2d 464 (1983) (denial of defendant's motion to proceed *pro se* in the middle of cross-examination within the court's discretion). Requests for self-representation, like requests for individual counsel, should be made in good faith and not solely to vex the prosecution or the court. *Cf. United States v. Perry,* 14 M.J. 856 (A.C.M.R. 1982), *petition denied,* 16 M.J. 135 (C.M.A. 1983).

## IV

■ Appellant also contends that his sentence to the maximum confinement was inappropriately harsh considering his many years of outstanding service and his excellent previous disciplinary record. As with all sentences, the court members were required to balance those factors to which appellant refers with the needs of the local military community for deterrence, catharsis and retribution. Pervading this process was the nature of the crime and its psychological impact on the victim. Where an offense shocks ordinary human sensibilities because of its devastating psychological or physical effects on the victim, court members are not required to become robots by casting aside the mantle of their humanity. "Military society, through the voice of the court members, has expressed its 'moral outrage' at appellant's crimes." *United States v. Hutchinson,* 15 M.J. 1056, 1068 (N.M.C.M.R.1983). *Accord United States*

*v. Wheeler,* 18 M.J. 823 (A.C.M.R.1984), *affirmed,* 22 M.J. 76 (C.M.A.1986). Child abuse—particularly sexual abuse—has become a notorious social problem in American society generally as well as in the armed forces. The severe sentence in this case reflects one military community's attitude toward the problem. We are not inclined to say it is inappropriate.

The court has considered the allegations personally raised by the appellant and find them to be without merit.

The findings and sentence are affirmed.

Senior Judge DeFORD and Judge KENNETT concur.