*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HACKEL, MCCOY, and BLOSSER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Jorge D. WITKOWSKI**
Sergeant (E-5), U.S. Marine Corps
*Appellant*

**No. 202300102**

_____

Decided: 6 December 2023

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Frank Hutchison (arraignment)
John Stephens (trial)

Sentence adjudged 19 January 2023 by a general court-martial convened at Marine Corps Base Quantico, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for forty months, forfeiture of all pay and allowances, and a dishonorable discharge.

For Appellant:
*Lieutenant Commander Matthew A. Kozyra, JAGC, USN*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[1]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

_____

[1] Articles 59 & 66, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 859, 866. However, we note that the record is devoid of any colloquy from the military judge regarding whether Appellant knowingly waived his right to a preliminary hearing under Article 32, UCMJ. *See* Rule for Courts-Martial 405(m). The record includes a letter from trial defense counsel to trial counsel on 1 July 2022 indicating Appellant waived his right to a preliminary hearing. Additionally, at arraignment, in Appellant's presence, trial counsel advised the military judge that "an Article 32 preliminary hearing was waived." R. at 4. Otherwise, no inquiry into Appellant's knowing waiver appears in the record. *See United States v. Garcia*, 59 M.J. 447, 451 (C.A.A.F. 2004) (tasking military judges with ensuring that waiver of an Article 32 hearing is "freely given and fully understood"). Regardless, we find no prejudicial error occurred. *See, e.g., United States v. Chuculate*, 5 M.J. 143, 145 (C.M.A. 1978) (internal citation omitted) ("If there is no timely objection to the pretrial proceedings or no indication that these proceedings adversely affected the accused's right at the trial, there is no good reason in law or logic to set aside [Appellant's] conviction.").