UNITED STATES, Appellee

v.

DONLEY W. McCORMICK, Private–2, U. S. Army, Appellant

3 USCMA 361, 12 CMR 117

No. 895

Decided September 18, 1953

LT COL George M. Thorpe, U. S. Army, and 1ST LT Benjamin Feld, U. S. Army, for Appellant.

LT COL Thayer Chapman, U. S. Army, and 1ST LT Richard L. Brown, U. S. Army, for Appellee.

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted by general court-martial in Korea on charges alleging disobedience of the lawful order of a superior officer, in violation of Article 90, Uniform Code of Military Jus-

tice, 50 USC § 684, and misbehavior before the enemy, through cowardly conduct, in failing to obey an order to report to his company's forward location, in violation of Article 99 (5) of the Code, 50 USC § 693. The findings and sentence having been approved by the convening authority and affirmed by a board of review, this Court granted appellant's petition for review to consider assignments of error hereinafter more fully described.

The events giving rise to the charges had their origin with the assignment of the accused as a rifleman to an infantry company then in a tactical position. After three or four days in that assignment, during which time enemy fire was directed upon the company's position, the accused expressed an unwillingness to participate in the operations and was ordered by the Field First Sergeant to bring an injured soldier to the rear.

After approximately one week in the rear area, he was brought before one Captain Koebbe, who, after discussing the offense of malingering and its penalties, ordered the accused "to return to his organization on the hill." Making no move to comply with this order, the appellant stated "I guess I will have to take twenty years." Subsequent to the formal investigation of the charge, an additional charge of misbehavior before the enemy was preferred. The allied papers disclose that the officer who investigated the charge thereafter informed the appellant of the additional charge. Characterizing it as a closely allied offense, he advised the appellant that he would reopen the investigation if he desired. The appellant did not desire a reopening.

In relation to the pretrial investigation issue, it is claimed by defense that no adequate inquiry into the charge of misbehavior was held. We note that no objection to the sufficiency of the pretrial investigation was raised at trial. Paragraph 69a of the Manual for Courts-Martial, United States, 1951, provides that defects in the conduct of the pretrial investigation may be raised by motions for appropriate relief at the time of trial. The paragraph provides further that such

objections are waived if not asserted prior to the entry of a plea, "but the court may grant relief from the waiver for good cause." By court, we think the drafters clearly intended to mean the trial court. Paragraph 67a of the Manual, *supra*, states that failure to assert defenses or objections except lack of jurisdiction or failure of the charges to allege an offense before the conclusion of the hearing of the case constitutes a waiver. We have previously held that, in relation to similar motions, a failure to raise the issue at trial will be held to constitute a waiver. United States v. Minor, 1 USCMA 497, 4 CMR 89, decided July 30, 1952; United States v. Dupree, 1 USCMA 665, 5 CMR 93, decided September 9, 1952; United States v. Bodenheimer, 2 USCMA 130, 7 CMR 6, decided January 19, 1953. The reasons which led us to require that the issue be raised at trial in those cases are equally applicable here. It is our conclusion that, by failing to make appropriate motion or objection at the trial stage, defense has waived any right to attack the sufficiency of the pretrial investigation.

A more difficult issue is raised by our decision in United States v. Soukup, 2 USCMA 141, 7 CMR 17, decided January 23, 1953. Here, as in Soukup, the accused was charged with misbehavior before the enemy through cowardice. We have held that a required element of this offense is that the act of misbehavior be motivated by fear. United States v. Yarborough and Marshall, 1 USCMA 678, 5 CMR 106, decided September 12, 1952. Here, the law officer instructed the court that, to find the accused guilty, they must find that he committed an act of cowardice as alleged, and that such act occurred while the accused was before, or in the presence of, the enemy. The court was not instructed that they must find the act of misbehavior was motivated by fear. This was error. United States v. Soukup, *supra*. Since there is here no direct evidence indicating that the accused refused to obey the order because he was afraid of further front line duty (compare United States v. Smith, 3 USCMA 25, 11 CMR 25, decided July 3, 1953), the accused

362

was prejudiced by the failure to submit this vital element of the offense to the court. "On the question of prejudice, it must be apparent that where there is doubt of whether the court was properly apprised of the necessary elements, this uncertainty must be resolved in favor of the accused person." United States v. Soukup, *supra*.

Finally, the accused contends that a charge of willful disobedience of a lawful order, and one alleging misbehavior by cowardice arising out of a failure to obey the same order, results in an unreasonable multiplication of charges. While there are differences in the allegations of the two charges involved here and like charges contained in United States v. Soukup, *supra,* we need not determine the question of multiplicity in this instance, for, as indicated in paragraph 76*a* (8), Manual for Courts-Martial, United States, 1951, the error of multiplicity relates only to the sentence. Since we have reversed the charge of misbehavior, that offense can support no part of the sentence; and reconsideration of the sentence will cure any error resulting from any possible multiplication in this instance.

For the above reasons, the findings of the board of review as to the offense of misbehavior (Charge II), are reversed; and as to the willful disobedience (Charge I), are affirmed. The record is returned to The Judge Advocate General of the Army for further action not inconsistent with this opinion.

Judges LATIMER and BROSMAN concur.