

No. 11,331

Decided June 6, 1958

 

*Captain Arnold I. Melnick* and *First Lieutenant Herbert R. Brown* were on the brief for Appellant, Accused.

*Lieutenant Colonel John G. Lee* and *First Lieutenant John E. Riecker* were on the brief for Appellee, United States.

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

UNITED STATES, Appellant

v

CHESTER R. MICKEL, Airman Third Class, U. S. Air Force, Appellee

9 USCMA 324, 26 CMR 104

No. 11,003

Decided June 6, 1958

*Major Carl Goldschlager* argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels*.

*Major Donald C. Helling* argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottlieb*.

ROBERT E. QUINN, Chief Judge:

The Judge Advocate General of the Air Force has certified the case to this Court for review of the following question:

"Was the Board of Review correct in holding that the failure to provide accused with counsel qualified within the meaning of Article 27(b) at the Article 32 investigation constituted reversible error in the absence of specific prejudice and timely objection?"

An accused is entitled to qualified counsel during the Article 32 investigation. United States v Tomaszewski, 8 USCMA 266, 24 CMR 76. The investigation here was held in May 1957. The report of the investigating officer shows that the accused had requested either of two officers as his counsel, but neither was reasonably available. Accordingly, First Lieutenant R. L. Ostertag was assigned as counsel. Lieutenant Ostertag was not then a member of the bar. The board of review noted he was not certified by The Air Force Judge Advocate General under the provisions of Article 27(b), Uniform Code of Military Justice, 10 USC § 827, until August 16, 1957. It further noted that at the trial there was no objection to the lieutenant's qualification to represent the accused. The board of review also recognized that, under ordinary circumstances, the failure to make timely objection to a defect in the pretrial investigation is a waiver of the defect. See United States v McCormick, 3 USCMA 361, 12 CMR 117. However, it concluded that the accused did not waive Lieutenant Ostertag's disqualification because he "could not, at that time, have fully understood a right concerning which authorities on military jurisprudence disagreed."

We agree with the board of review that the pretrial investigation is an integral part of the general court-martial proceedings, and the right to counsel is a fundamental right therein. However, there is a substantial difference between a defect in the preliminary proceedings

and a defect in the trial proceedings. A defect in the preliminary proceeding will not justify setting aside a conviction unless it clearly appears that the error prejudiced the accused in some material respect at the trial. In the Federal criminal practice a person under arrest is entitled to be brought before the nearest available commissioner, or other officer empowered to commit, who must inform him of his right to counsel, of his right to a preliminary examination, and that he is not required to make a statement. Rule 5, Federal Rules of Criminal Procedure. But deprivation of these preliminary rights does not, standing alone, constitute a denial of due process to the extent that the conviction must be set aside. Blood v Hunter, 150 F2d 640 (CA 10th Cir) (1945); Barber v United States, 142 F2d 805 (CA 4th Cir) (1944).

In the Federal criminal practice and in military law, an accused must object to defects in the preliminary proceedings before he goes to trial on the merits. If he fails to make timely objection, the defect is waived unless the court grants relief for good cause. Rule 12, Federal Rules of Criminal Procedure; Manual for Courts-Martial, United States, 1951, paragraph 67b; United States v McCormick, supra. Of course, if the accused does not know his rights, an appellate court will not "presume acquiescence" in their loss. Wood v United States, 128 F2d 265 (CA DC Cir) (1942). Nor will an appellate court apply the rule of waiver if it results in a miscarriage of justice. United States v Smith, 2 USCMA 121, 6 CMR 121. These are different ways of expressing the fundamental rule that an accused is entitled to a fair and impartial trial in accordance with the requirements of the law.

Among the fundamentals of a fair trial is the right of an accused to the assistance of counsel and the right to an adequate opportunity to prepare his defense. No question was raised by the accused before the board

of review regarding the qualification or the competency of trial defense counsel; nor did the board of review find disqualification or incompetency. Neither did the accused question the adequacy of the defense counsel's preparation for trial, or the sufficiency of time accorded him for such preparation; nor did the board of review find inadequacy of preparation or the need for additional time. Had evidence obtained during the pretrial investigation been admitted against the accused at the trial, the error in the preliminary proceedings would be carried over to the trial, and consideration of its effect would be required. United States v Gunnels, 8 USCMA 130, 23 CMR 354; United States v Tomaszewski, supra; Wood v United States, supra; see also, Dainard v Johnston, 149 F2d 749 (CA 9th Cir) (1945). However, here there was no assertion, much less a showing, that the failure to provide qualified counsel at the pretrial investigation in any way affected the accused's rights at the trial. On the contrary, the record of trial affirmatively shows that *the defense used evidence obtained at the pretrial investigation to impeach an important Government witness.* In the absence of any possibility of harm, what reason justifies reversal of the accused's conviction?

Departures from fundmental requirements of law generally require reversal of the findings of guilty without "nice calculations as to the amount of prejudice" resulting from the error. Glasser v United States, 315 US 60, 76, 86 L ed 680, 62 S Ct 457 (1942). For example, if the law officer abdicates his responsibilities, whether or not the rulings made by his usurper are legally correct is immaterial. United States v Berry, 1 USCMA 235, 1 CMR 241. Or if a member of the court becomes a witness against the accused, the materiality of his testimony is of no consequence. United States v McBride, 6 USCMA 430, 20 CMR 146. Similarly, if the charges are referred to trial by a designee of the convening authority, rather than by the convening authority himself, we are not concerned with whether the charges are of such a nature as would normally merit trial by a particular court-martial. United States v Greenwalt, 6 USCMA 569, 20 CMR 285. In these, as in other instances of a like nature, the error in the proceedings is closely connected with the validity or the integrity of the trial itself.

With the possible exception of the sufficiency of the evidence to support the charges, the pretrial proceedings, including the formal investigation under Article 32, are separate from the trial. Article 34, Uniform Code of Military Justice, 10 USC § 834; cf. Costello v United States, 350 US 359, 76 S Ct 406, 100 L ed 397 (1956). Of course, this is not to say that they are unimportant. The Uniform Code says otherwise, and we have often held to the contrary. See United States v Schuller, 5 USCMA 101, 17 CMR 101; United States v Parker, 6 USCMA 75, 19 CMR 201. Thus, if an accused is deprived of a substantial pretrial right on timely objection, he is entitled to judicial enforcement of his right, without regard to whether such enforcement will benefit him at the trial. At that stage of the proceedings, he is perhaps the best judge of the benefits he can obtain from the pretrial right. Once the case comes to trial on the merits, the pretrial proceedings are superseded by the procedures at the trial; the rights accorded to the accused in the pretrial stage merge into his rights at trial. If there is no timely objection to the pretrial proceedings or no indication that these proceedings adversely affected the accused's rights at the trial, there is no good reason in law or logic to set aside his conviction.

The law demands that an accused, who is aware of error in preliminary procedures, make timely objection to preserve his rights. From one who is not aware of the error until after trial, we can expect no less than a showing that the pretrial error prejudiced him at the trial. Here, the board of review concluded that the accused "could not" have fully understood his rights to qualified counsel at the pretrial investigation, but it did not inquire whether the failure to provide such counsel prejudiced him at the trial. In the absence

**327**

of such prejudice, the pretrial error did not contaminate the proceedings in which the accused's guilt was actually determined. The board of review was wrong in holding that the accused was denied due process. Accordingly, we answer the certified question in the negative.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Air Force for submission to the board of review for further proceedings consistent with this opinion.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

In United States v Tomaszewski, 8 USCMA 266, 24 CMR 76, a majority of the Court reached the conculsion that an accused was entitled as a matter of right to have a certified lawyer appointed to represent him at an Article 32 investigation, and that is now the law. In the case at bar, the officer appointed was a graduate of an accredited law school and shortly after the hearing was admitted to a State bar and certified by The Judge Advocate General of the Air Force as competent to try cases before general courts-martial. While there was a lack of certification at the time of the pretrial hearing, there is no claim of specific prejudice, and the record shows the absence of harm to the accused. Therefore, I join in reversing the decision of the board of review.