UNITED STATES, Appellee

v

HUNTER L. LASSITER, Corporal, U. S. Army, Appellant

11 USCMA 89, 28 CMR 313

No. 13,121

Decided December 24, 1959

*Elmer B. Gower,* Esquire, argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Ralph Herrod* and *First Lieutenant Jerome D. Meeker.*

*First Lieutenant Allen I. Saeks* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel James G. Mc-Conaughy.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The question before us is whether the law officer erred in denying a defense motion to dismiss certain charges or to refer them to another Article 32 investigation. Uniform Code of Military Justice, 10 USC § 832.

At the pretrial investigation individual defense counsel moved that all witnesses which the Government proposed to use at the trial be produced for examination. Only one of the several prospective witnesses appeared and was examined. However, evidence was admitted to show that the other witnesses were unavailable. Their expected testimony was received in the form of unsworn statements. No objection was interposed to consideration of these statements.

In United States v Samuels, 10 USCMA 206, 27 CMR 280, we pointed out that "the statement of a witness may be considered by the investigating officer [in the Article 32 investigation] only if it is supported by oath or affirmation." We held that the accused's objection to the investigating officer's use of the unsworn statements "clearly included an assertion" that the statements were not entitled to consideration because they were unsworn.

Here the accused's objection to the pretrial statements was directed exclusively to the question of unavailability of the witnesses. That issue was decided against him and there is sufficient evidence to support the ruling. True, defense counsel maintained that under Article 32 the accused "has certain rights" and counsel felt he should be afforded "all of them in full." But the assertion was made in specific connection with the attack on the unavailability of the witnesses, and in no way suggested an objection to the use of the unsworn statements. There being no objection to the particular error at either the pretrial proceeding or before the law officer, it was waived. United States v Mickel, 9 USCMA 324, 26 CMR 104.

The decision of the board of review is affirmed.

Judge LATIMER concurs.

FERGUSON, Judge (dissenting):

I dissent.

90

Tried by general court-martial, the accused was found guilty of numerous specifications alleging the wrongful and unlawful solicitation of compensation in connection with the performance of his assigned duties and of obstruction of justice, all in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. He was sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for five years. Intermediate appellate authorities affirmed the findings, although the board of review effected a substantial reduction in the sentence. We granted review on the issue whether the law officer erred in overruling the defense motion to dismiss the charges or refer them for a further investigation under the provisions of Code, supra, Article 32, 10 USC § 832.

The charges against the accused were originally referred to an investigating officer on July 30, 1958. Only two witnesses appeared. One, a Lieutenant Roe, presented nothing pertinent and admissible concerning the allegations of misconduct, and the other, a Private Maguire, chose to rely upon his rights against self-incrimination. Mr. Gower, individual counsel, complained concerning the insufficiency of this investigation. Thereafter, the charges were referred to another investigating officer, and his report indicates that a Private Gotwalt was present and testified. Gotwalt's testimony pertained to specifications 3, 4, and 20 of the Charge, and was reduced to a sworn statement. Individual counsel objected to the absence of five civilian witnesses and one military witness. It was pointed out that the military witness was then stationed in Europe and had been declared unavailable by his commanding officer. All civilian witnesses had been requested to attend at no expense to the Government. However, the latter individuals failed to appear. In lieu of their testimony, the investigating officer considered unsworn statements executed by each absent witness and, based upon the matters contained therein, recommended trial by general court-martial.

At the commencement of the trial, individual counsel moved for the alternative relief of dismissal or reinvestigation of all the offenses charged against the accused except those involving the witness Gotwalt. While his objection was based principally upon the absence of the witnesses from the pretrial investigation, he insisted that the accused had "certain rights and I feel that he should be afforded all of them in full."

My brothers concede that the investigating officer's consideration of unsworn statements was erroneous under the rule set forth in United States v Samuels, 10 USCMA 206, 27 CMR 280. However, they invoke the doctrine of waiver because the defense counsel did not specifically refer to the investigating officer's failure to consider only sworn testimony as a basis for his objection. It is with this proposition that I disagree, for examination of the record and opinion in United States v Samuels, supra, indicates that counsel's objection was expressed in almost the same terms as used here. Thus, at page 209, we find the following recitation:

"At trial, defense counsel moved to dismiss the charges on the ground that the investigating officer had considered the statements of the unavailable witnesses. On the argument of the motion there was some discussion as to whether or not the accused had requested the witnesses be produced. Defense counsel could not 'in all truthfulness' recall whether such a request was made. But she conceded she knew 'that they couldn't produce them there because he himself [the investigating officer] told me that they were all over . . . Bremerton, Washington, Pensacola, Florida, and what have you.' However, she later twice asserted, without contradiction, that she had requested the presence of the unavailable witnesses 'at the outset.' Ultimately, the law officer denied the motion because the record of the pretrial proceedings did not show a 'request that these witnesses be called.' He reserved decision on that part of the motion which challenged the investigating officer's right to consider the statements over defense counsel's objection, apart from the availability of the witnesses."

**91**

The opinion also recites that the latter objection of counsel was based upon the fact that (1) the statements were obtained by experienced investigators from young recruits; (2) that the statements were not volunteered by the witnesses and were obtained by "goodness knows what means"; and (3) that the evidence was "complete hearsay" and not "direct evidence." Moreover, as we stated in the rationale of our opinion, at page 213:

".  .  .  True, defense counsel did not pinpoint the basis of her objection to the investigating officer's consideration of these statements at the pretrial level. However, her objections clearly included an assertion that the statements were not entitled to consideration by the investigating officer. She, therefore, sufficiently put him on notice that the statements should not be the subject of his scrutiny because of their unreliability."

The objection made in *Samuels*, supra, is the objection which was made here. Mr. Gower was principally interested in obtaining the presence of the witnesses at the pretrial investigation. He argued that he was entitled to have them summoned for that purpose in order that the investigating officer might be fully informed of the circumstances at the time he made his recommendation. Implicit in his contentions was the thought that the statements utilized were an insufficient predicate for a proper disposition of the case. His final declaration that the accused was entitled to "certain rights" is an apt summary of his position and served to call the law officer's attention to the inadequacy of the pretrial proceedings as surely as the objection of counsel in United States v Samuels, supra. Indeed, in view of the fact that the objections are almost identical, I am astonished to see waiver invoked in this case.

It may be true that we should require counsel to state the grounds for their objection with specificity when the claim of error involves a well-settled legal doctrine. Cf. United States v Kowert, 7 USCMA 678, 23 CMR 142. This is not the case here. Our decision in United States v Samuels, supra, was announced after Lassiter's trial. It resulted in a new construction of Code, supra, Article 32—novel at least from the standpoint of most of those who practice military law. Under such circumstances, I hardly think it necessary that we apply such stringent standards in measuring the preservation of error for our scrutiny. Certainly, the Manual for Courts-Martial, United States, 1951, does not indicate that course, for it states in paragraph 154d, that "*if it clearly appears that the defense or prosecution understood* its rights to object, any *clear* indication on its part that it *did not* desire to assert that right may be regarded as a waiver" but that "a mere failure to object does *not* amount to a waiver except as otherwise stated or indicated in this manual." (Emphasis supplied.) No provision "otherwise stated or indicated" in the Manual, supra, applies in this instance, and I, looking to the denial to this accused of a basic right, would not so narrowly delimit his claim for relief. Had we so treated the issue in *Samuels*, supra, the question would remain unresolved to this day.

I would reverse so much of the decision of the board of review as affirms findings of guilty other than those relating to specifications 3, 4, and 20. I would affirm the latter findings and return the record for reassessment of the sentence or a rehearing.