UNITED STATES, Appellee

v

CHARLES A. DONALDSON, JR., Major, U. S. Marine Corps,
Appellant

No. 28,522

January 24, 1975

*Captain T. O. Tottenham,* USMCR, argued the cause for Appellant, Accused. With him on the brief were *Major D. A. Higley,* USMC, *Lieutenant Walter A. Smith, Jr.,* JAGC, USNR, and *D. F. Hagans, II, Esquire.*

*First Lieutenant Ronald J. Waicukauski,* USMCR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel P. N. Kress,* USMC, *Lieutenant Colonel L. K. O'Drudy, Jr.,* USMC, *Captain Joseph W. Diver,* USMCR, and *Lieutenant Stephen M. Hackerman,* JAGC, USNR.

## OPINION OF THE COURT

QUINN, Judge:

Appellant stands convicted by general court-martial of 24 specifications, under three numbered charges, alleging violations of a directive of the Military Assistance Command, Vietnam, regulating transactions in US currency and military payment certificates. We granted review to consider whether he was denied the right to proper investigation of the charges under Article 32, Uniform Code of Military Justice, 10 USC § 832.

At trial, the accused made timely objection to the Article 32 investigation of the original charges, which consisted of Charge I and its specification, alleging an attempt to violate the currency directive, and Charge II and its specifications, alleging separate completed violations.[1] The objection was based on the contention that the officer who had directed the investigation be held lacked lawful au-

---

[1] Accused was acquitted of Charge I and its specification on the grant of a motion for a finding of not guilty.

thority therefor, and, consequently, the investigation had no "operative legal effect." The objection was overruled.

Article 32 of the Uniform Code provides that no specification shall be referred to a general court-martial for trial "until a thorough and impartial investigation of all the matters set forth therein has been made." The article does not indicate who may order the investigation, but provisions of the Manual for Courts-Martial indicate that the authority is limited to an officer having disciplinary power under Article 15 or summary court-martial jurisdiction over the individual.[2] Here, the Article 32 was ordered by an officer designated officer-in-charge, Subunit #1, MCTSSA. Testifying on the motion, that officer admitted he had no Article 15 authority as to the accused and no court-martial jurisdiction over him; in fact, he initially "questioned" his right to issue the order, but eventually did, when assured by a staff judge advocate that he "could do so."

■ Reviewing "the Code, the Manual, and Legal and Legislative Basis for the Manual for Courts-Martial, United States, 1951," the Court of Military Review concluded that the officer-in-charge was "not empowered" to order an Article 32 investigation. However, the court refused relief to the accused on the ground it could "find no prejudice" to his substantial rights "at trial." In *United States v Mickel,* 9 USCMA 324, 327, 26 CMR 104, 107 (1958), we responded to a contention by the Government that a substantial defect, not apparently prejudicial to the accused at trial, can be disregarded; we held that "on timely objection [the accused] . . . is entitled to

judicial enforcement of his right, *without regard to whether such enforcement will benefit him at the trial."* (Emphasis added.) Consequently, the Court of Military Review erred in its denial of relief as to the charges for which the Article 32 investigation was ordered.

■ Two additional charges were preferred against the accused 2 months after completion of the Article 32 investigation of the original charges. No investigation of these additional charges was had, but no objection to the absence of the investigation was made at trial. The failure to make timely objection constitutes a waiver of the right. As we also pointed out in *Mickel, supra* at 327, 26 CMR at 107, "If there is no timely objection to the pretrial proceedings or no indication that . these proceedings adversely affected the accused's rights at the trial, there is no good reason in law or logic to set aside his conviction."[3]

The decision of the Court of Military Review is reversed as to the findings of guilty of Charge II and its specifications and the sentence. The record of trial is returned to the Judge Advocate General for resubmission to the court. In its discretion, the court may return the record of trial to the convening authority for further proceedings consistent with this opinion,[4] or set aside the findings of guilty of Charge II and its specifications, dismiss those charges, and, without including dismissal because of the division of the court on the initial review and the elimination of 21 of the 24 findings of guilty, reassess the sentence on the basis of the remaining findings of guilty.

Judge COOK and Senior Judge FERGUSON concur.

[2] *See* Manual for Courts-Martial, United States, 1969 (Rev), paragraphs 30*g*, 32, and 33.

[3] *See also* MCM, 1969 (Rev), paragraph 69*a;* United States v Payne, 12 USCMA

455, 463, 31 CMR 41, 49 (1961); United States v McCormick, 3 USCMA 361, 12 CMR 117 (1953).

[4] *See* United States v Samuels, 10 USCMA 206, 27 CMR 280 (1959).