UNITED STATES, Appellee,

v.

Private (E–2) Tony R. MARCOTT, SSN 544–82–0270, United States Army, Appellant.

SPCM 13784.

U. S. Army Court of Military Review.

7 Aug. 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain Willard E. Nyman, III, JAGC, Captain Richard E. Connell, JAGC, and Captain R. Wade Curtis, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Douglas P. Franklin, JAGC, and Captain Rolland S. Roup, JAGC, were on the pleadings for appellee.

Before JONES, CLAUSE and LEWIS, Appellate Military Judges.

OPINION OF THE COURT

JONES, Senior Judge:

This case concerns the action of the convening authority in returning the record to

the trial judge for reconsideration of his ruling dismissing the charge and specifications for lack of speedy trial.[1] The appellant does not contest the authority of the convening authority to request reconsideration under Article 62(a), Uniform Code of Military Justice, 10 U.S.C. § 862(a),[2] nor does he assert that the principles announced in *United States v. Ware*, 1 M.J. 282 (C.M. A.1976), were not followed.[3] Rather, he alleges only that the appellant was not given an opportunity to be heard by the convening authority prior to the time the latter decided to request the military judge to reconsider his ruling.

The appellant is correct in his assertion that he was not given the opportunity to be heard as required by Paragraph 67*f*, Manual for Courts-Martial, United States, 1969 (Revised edition). That paragraph provides that action by a convening authority in returning the record to the court for reconsideration of its ruling:

". . . should be taken only on application of the prosecution, with notice to the defense, after affording both sides an opportunity to be heard . . ."

The prosecution duly applied to the convening authority asking him to request reconsideration. Trial defense counsel was told that the application was being made and that he would have the opportunity to oppose it but he never received a copy nor had the opportunity to be heard before the convening authority acted. The question then is one of what relief is due appellant at this time.

The appellant argues that the special court-martial lacked authority to reconsider its ruling as a result of the denial of his right to try to persuade the convening authority not to return the record for reconsideration. He asks that this Court set aside the findings and sentence that followed reconsideration and in the alternative dismiss the charges or return the record to the original convening authority where the appellant may be given the opportunity to be heard on the prosecution's application seeking reconsideration.

The Government concedes that the appellant was denied the right to be heard prior to the convening authority's decision but argues that the appellant is due no relief. We agree. First, as the Government points out, prior to the decision in *Ware*, the hearing before the convening authority was all important. The convening authority could overrule the military judge and the judge had to "accede to the view of the convening authority." Paragraph 67*f*, MCM 1969 (Rev.). Thus the right to be heard that was conferred by paragraph 67*f* was substantial. With the decision in *Ware*, however, the crucial point became the reconsideration by the military judge. The earlier opportunity to be heard lost much of its significance.

The opportunity for the appellant to present his views to the convening authority, although a less substantial right than before, nevertheless remains his right. Conceivably, the appellant might have been able to convince the convening authority not to ask for reconsideration.

We think the situation here is analogous to the situation where a pretrial right has been denied. The rule in that instance, and the rule which we think should be applicable here, provides:

1. The appellant was charged with nine counts of larceny arising from a series of thefts occurring one evening at a military recreation activity hotel at Garmisch, Germany. Violations of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921.

2. Article 62, UCMJ:
   (a) If a specification before a court-martial has been dismissed on motion and the ruling does not amount to a finding of not guilty, the convening authority may return the record to the court for reconsideration of the ruling and any further appropriate action.

3. "Thus, we hold that Article 62(a) of the Code authorizes the convening authority in the circumstances described to return the record to the trial court for reconsideration of a legal ruling, but . . . the judge to whom the record is returned is not to presume himself reversed thereby. Rather, he is charged to re-examine his prior ruling on the motion involved and to rule thereon once again, which ruling will be the product of his own, independent legal judgment." *United States v. Ware*, 1 M.J. at 287.

Thus, if an accused is deprived of a substantial pretrial right, on timely objection he is entitled to judicial enforcement of his right without regard to whether such enforcement will benefit him at the trial. (*United States v. Mickel*, 9 U.S.C.M.A. 324, 26 C.M.R. 104, 107 (1958); *United States v. Chuculate*, 5 M.J. 143, 144–145 (C.M.A.1978).

In applying the above rule to this case, we believe the appellant would have been entitled to his hearing before the convening authority had he made timely objection in the trial forum. That he failed to do. He objected to the military judge reconsidering his ruling, arguing that once decided the issue should not be reopened, and he subsequently reargued his position on the speedy trial motion itself. He at no time asked the military judge to return the request to the convening authority to give him (appellant) the opportunity to persuade the convening authority not to request reconsideration. We find that lapse fatal. His failure to object amounted to a waiver. *Cf. United States v. Chuculate, supra; United States v. Mickel, supra.*[4]

The appellant received his opportunity to argue the reconsideration and the speedy

trial motion before the military judge, the person who made the decision. The military judge reversed himself, stating he had misapplied the law previously. He denied the motion and proceeded with the trial which resulted in findings of guilty on five of the nine specifications. The military judge sentenced the appellant to a bad-conduct discharge, forfeiture of $275.00 pay per month for four months, confinement at hard labor for four months, and reduction to Private E–1. The convening authority approved the sentence. We find the findings of guilty and the sentence correct in law and fact and the sentence appropriate.

The findings of guilty and the sentence are affirmed.

Judge LEWIS concurs.

Judge CLAUSE absent.

---

4. The appellant had another opportunity to mention the issue when he received the post trial review for comment. He failed to do so. However, that too was after the trial and raising the issue then would have been too late just as raising it before us for the first time is too late.