## UNITED STATES

### v.

**Donald JACKSON, 267–93–4621, Gunner's Mate (Guns) Third Class (E–4), U.S. Navy.**

**NMCM 93 00497.**

U.S. Navy–Marine Corps Court of Military Review.

Decided 20 May 1994.

---

LT Margie Sampson, JAGC, USNR, Appellate Defense Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

Before LARSON, C.J., WELCH, Senior Judge, and McLAUGHLIN, J.

1. The appellant returned on the second day of trial, while the members were deliberating on findings. His return is an important event that is part of our resolution of this case.

2. I. APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO BE REPRESENTED BY COUNSEL WHEN THE MILITARY JUDGE CONTINUED THE ARTICLE 39(A) SESSION THROUGH ARRAIGNMENT DESPITE APPELLANT'S REQUEST FOR INDIVIDUAL MILITARY COUNSEL WHO WAS GOING TO BE MADE AVAILABLE AND DESPITE APPELLANT'S STATEMENT THAT HE WANTED HIS

McLAUGHLIN, Judge:

The appellant was tried before members, in a trial that began *in absentia*,[1] on 21 and 22 September 1992. In view of the appellant's absence, the military judge entered pleas of not guilty to all offenses. Rule for Courts–Martial (R.C.M.) 910(b), Manual for Courts–Martial, United States, 1984. The appellant was convicted of rape, two specifications of sodomy on a child, and two specifications of committing indecent acts on a child, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925, 934. The adjudged sentence, approved on review below, consisted of confinement for 5 years, forfeiture of all pay and allowances, reduction to pay grade E–1, and a dishonorable discharge. The maximum authorized confinement was confinement for life.

The appellant has assigned two errors to this case.[2] For the reasons set forth below, we find that the assignments of error are without merit.

At the first of two pretrial hearings, held on 6 July 1992 pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a), the appellant stated that he desired individual military counsel (IMC). His detailed defense counsel stated that oral communications established that the desired IMC, U.S. Coast Guard Lieutenant Commander (LCDR) B, would be made available after mid-August. No written request had yet been made for LCDR B, and his detailing had not yet been approved. R.C.M. 506(b); Manual of the Judge Advocate General (JAGMAN), Judge Advocate General Instruction 5800.7C of 3 October 1990, § 0132.[3] The military judge then asked:

DETAILED DEFENSE COUNSEL RELEASED FROM THE CASE. (CITATIONS OMITTED.)

II. BECAUSE APPELLANT WAS CONSTITUTIONALLY DEPRIVED OF HIS RIGHT TO COUNSEL AT THE TIME OF ARRAIGNMENT, HIS ARRAIGNMENT WAS INEFFECTIVE, AND HENCE, THE TRIAL IN ABSENTIA VIOLATED APPELLANT'S SIXTH AMENDMENT RIGHT TO BE PRESENT DURING TRIAL. (CITATIONS OMITTED.)

3. The Manual of the Judge Advocate General now contains Change 1 dated 6 August 1992, which was not applicable to this case.

MJ: Okay. All right. Now, do you wish to be represented—or do you wish to have Lieutenant P [detailed defense counsel] stay on your case, assuming the request for Lieutenant Commander B [IMC] is approved?

ACCUSED: (Conferred with counsel.) No, sir.

MJ: All right. Are you willing to remain with Lieutenant P[ ] for today's session?

ACCUSED: Oh, no, sir.

MJ: Say again?

ACCUSED: No, sir.

MJ: Okay. See, we're going to go through a couple other preliminary things today. I'm going to advise you of the types of trial in the military and, of course, I'll let you reserve on that. You don't have to make a decision but I'm just going to advise you as to the types of trial and then we're going to go through an arraignment which is just asking you how you plead to the charges and specifications and you can reserve on that too, of course, you don't have to enter that plea, and then we'll set a trial date. So you want to release Lieutenant P; am I correct?

ACCUSED: Yes, sir.

MJ: All right. Well, is it okay if he just sits there at counsel table with you to advise you for the rest of today's session?

ACCUSED: Yes, sir.

Record at 7.[4] The military judge then informed the parties as to his identity and legal qualifications and invited voir dire and challenges for cause. The trial counsel and *the appellant* stated there were no questions or challenges. Thereafter, the military judge addressed himself exclusively, with minor exception, to the trial counsel and *the appellant.* The military judge informed the appellant of his forum choices, and asked *the appellant* whether he wanted to reserve his decision. The appellant did reserve this choice. Record at 9. The military judge then asked *the appellant* if he desired the charges and specifications to be read. The

appellant waived the reading. *Id.* A discussion then ensued regarding the status of any pretrial investigation under Article 32, UCMJ, 10 U.S.C. § 832. During the discussion the detailed defense counsel rose to clarify a point and stated: "Sir, *I know I'm just sitting here as an observer* but there were actually two waivers...." Record at 11 (emphasis added). The military judge then proceeded to ask *the appellant* if he had voluntarily waived the pretrial investigation, and he stated that he had. Record at 12. The appellant was then arraigned and the military judge asked *the appellant* if he wanted to reserve motions. The appellant did so reserve. The appellant was never thereafter arraigned again at any session of the court-martial. The detailed defense counsel then returned to the colloquy to discuss his communications with the prospective IMC, and the IMC's superior, regarding availability and scheduling. Record at 13. The detailed defense counsel, "[a]gain speaking for Petty Officer Jackson," also informed the military judge that a written request for IMC had been made for Navy Lieutenant B, but that request had not been responded to formally, though it was anticipated that LT B would be declared unavailable. The case was then docketed for trial on 25 August 1992. Record at 13–14. The appellant was informed by the military judge that he had now been arraigned and that if "an individual goes absent without authority, he can be tried in his absence. Do you understand that?" The appellant responded: "Yes, sir." Record at 15; *see* R.C.M. 804(b)(1).

A second Article 39(a), UCMJ, session was held on 23 July 1992. The appellant appeared with a *new* detailed defense counsel, LT S, about whom he voiced no objection. LT S remained on the case throughout the trial. At this second pretrial session, appellant, clearly represented by acceptable, newly detailed counsel, failed to object to the prior, unrepresented arraignment.[5] The following exchange between the military judge and the appellant took place:

---

4. It appears from the record that LT P was very close to release from active duty and there is no evidence that the appellant was dissatisfied with LT P's professional performance.

5. In fairness to counsel, since the appellant had not waived or forfeited *any* pretrial rights, we specifically find no ineffectiveness in this regard.

MJ: Okay, And Lieutenant S[ ] says he's been detailed as the Navy counsel to represent you, and I know this morning we're going to take up a request for a delay in your case—

ACCUSED: Yes, sir.

MJ: —in view of the availability of Lieutenant Commander B[ ] from the Navy—I mean, the Coast Guard. But are you satisfied to have Lieutenant S[ ] represent you today?

ACCUSED: Yes, sir.

Record at 17.

Appellate Exhibit III is a defense request for a continuance to 21 September 1992, which has a letter attached, dated 10 July 1992, from LCDR B's superior. This letter states that LCDR B could not be available until after 21 September 1992, but would be made available thereafter. The Government was unwaveringly opposed to any further delay. Through a discussion on the record with the new detailed defense counsel, it was established that 21 September 1992 would be an acceptable trial date for LCDR B and his superior. In view of the fact that the appellant was now in pretrial confinement, the military judge conducted an inquiry of the appellant as to whether he agreed with his counsel's requested delay. After determining that the appellant desired the delay, the military judge granted the delay and scheduled the case for 21 September 1992. Record at 19–21.

On 21 September 1992 another Article 39(a), UCMJ, pretrial hearing was held. Present were a newly detailed military judge, trial counsel, LCDR B as individual military counsel, and LT S as detailed defense counsel—the appellant was determined to be voluntarily absent. Record at 22 and 34. The IMC moved for a continuance on the ground that "the defendant was not properly arraigned at the previous Article 39(a) session," referring to the initial Article 39(a) session of 6 July 1992. Record at 23. The military judge found that the appellant had counsel "at all previous sessions of this trial and I do that based upon the record." Record at 25.

*REPRESENTATION*

Because we view the right to counsel under Article 38, UCMJ, 10 U.S.C. § 838, as broader than the Sixth Amendment of the Constitution right to counsel, we will analyze that aspect of Assignment of Error I first. Article 38, UCMJ, ensures that no servicemember need proceed to trial without counsel qualified under Article 27(b), UCMJ, 10 U.S.C. § 827(b), against his or her wishes, regardless of ability to pay, except under extraordinary circumstances. In at least that regard, it offers greater rights than the Sixth Amendment, in that it does not require indigence. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

The appellant's position is that he was *forced* to proceed without counsel, in violation of his Sixth Amendment Constitutional right to counsel at trial, and his right to counsel at courts-martial under Article 38, UCMJ. The Government responds that the appellant did not object to LT P representing him at the limited proceeding. The Government's position is overly expansive of the limited purpose for which LT P was retained at counsel table, as recognized by LT P himself: "I know I'm just sitting as an observer...." Record at 11.

Inasmuch as the appellant's case comes to us for review under Article 66(c), UCMJ, 10 U.S.C. § 866(c), we are not bound by the military judge's essential findings. *United States v. Cole,* 31 M.J. 270 (C.M.A. 1990); *United States v. Ruhling,* 28 M.J. 586, 592 n. 8 (N.M.C.M.R.1988), *pet. denied,* 29 M.J. 289 (C.M.A.1989). Nonetheless, we are generally inclined to give them deference. *United States v. Cummings,* 21 M.J. 987, 989 (N.M.C.M.R.), *pet. denied,* 22 M.J. 242 (C.M.A.1986); *United States v. Bright,* 20 M.J. 661, 664 (N.M.C.M.R.), *pet. denied,* 21 M.J. 103 (C.M.A.1985).

*United States v. Jones,* 34 M.J. 899, 905 (N.M.C.M.R.1992). In this case we disagree with the findings of the military judge insofar as they conclude that the appellant was represented by counsel at the initial Article 39(a) session at which arraignment took place. In doing so, we also disagree with the appellate Government's position that by being available to consult with the appellant at

counsel table, the appellant was "represented" by the original detailed defense counsel. We do agree that the appellant was represented by detailed defense counsel at the outset of the session, as was required by the terms of Article 39(a) itself,[6] but that attorney-client relationship was severed by the appellant at that session. The record does not indicate that an attorney-client relationship had yet developed between the appellant and the requested IMC or the to-be-requested IMC.

■ We view the proceedings of 6 July 1992 as resulting in the appellant having announced an inchoate request for LCDR B as his IMC and having dismissed his detailed defense counsel LT P. The appellant was then proceeding without representation. After determining that the appellant did not want the original detailed defense counsel to represent him, even at the pretrial session then underway, the military judge did inform the appellant that the session would not waive any rights and would end with arraignment. In fact, after arraignment, there was a discussion regarding the *defense requested* delay to 25 August 1992 and, in granting that "motion," a trial date of 25 August 1992 was established. The record contains no evidence that the appellant was *not* literate, competent, and understanding. We find that the military judge erred in proceeding without having (1) another defense counsel detailed, or (2) waiting for the IMC to be available and present, or (3) determining *clearly* and *specifically* that the appellant desired to proceed *pro se,* and making the inquiry in accordance with R.C.M. 506(d) and questions suggested in *United States v. Mix,* 35 M.J. 283, app. (C.M.A.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1383, 122 L.Ed.2d 759 (1993); *United States v. Mickel,* 9 C.M.A. 324, 26 C.M.R. 104, 1958 WL 3310 (1958). This error denied the appellant his right to counsel under Article 38(b)(1), UCMJ. However, we find this error to be harmless under the circumstances of this

case. Article 59(a), UCMJ, 10 U.S.C. § 859(a). Arraignment under these circumstances was not prejudicial. In fact, it protected the appellant from having any additional charges added to the court-martial without his consent. R.C.M. 601(e)(2).

### SIXTH AMENDMENT CONSIDERATIONS

■ In this case the appellant "did not lose any right or privilege, nor did the [Government] gain any advantage, as a result of the fact that [appellant] was not represented by counsel at his arraignment." *Gilmore v. Armontrout,* 861 F.2d 1061, 1070 (8th Cir. 1988) (Gilmore was arraigned without counsel and without a valid choice to proceed *pro se* ). The original military judge in the appellant's case allowed (coached, in fact) the appellant to reserve all the choices that are normally made before pleas, such as motions and forum selection. Because the military judge structured the pretrial session leading to arraignment as he did, the appellant was in no danger of losing or sacrificing his rights.

> [T]he sixth amendment has been held applicable to certain pretrial proceedings including interrogation activities conducted "at or after the initiation of adversary proceedings—whether by way of formal charge, preliminary hearing, indictment, information or arraignment," *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972), and to that type of *arraignment* or preliminary hearing itself *at which rights of the accused may be lost or sacrificed. Hamilton v. Alabama,* 368 U.S. 52, 54, 82 S.Ct. 157, 158, 7 L.Ed.2d 114 (1961); *see also Coleman v. Alabama,* 399 U.S. 1, 9, 90 S.Ct. 1999, 2003, 26 L.Ed.2d 387 (1970).

*Gilmore,* 861 F.2d at 1070 (emphasis added). We conclude that the appellant's Sixth Amendment right to counsel was not violated.

---

6. Art. 39(a), UCMJ, provides, in part: "These proceedings shall be conducted in the presence of the accused, the defense counsel, and the trial counsel and shall be made a part of the record." Since LCDR B had not been requested *in writing,* and had not been actually made available to be

detailed until and unless the court-martial was rescheduled, the detailed defense counsel represented appellant at the outset of the Art. 39(a), UCMJ, session, until his severance at that session.

 

## WAIVER

■ Finally, as already noted, at a pretrial session weeks before trial, the appellant was represented by counsel and no objection to the arraignment was made. The absence of a timely objection constitutes waiver. *Mickel,* 26 C.M.R. at 107.

## APPELLANT RETURNS DURING TRIAL

■ On the second day of trial, 22 September 1992, an Article 39(a), UCMJ, session was held at 1535, and the trial counsel stated that the appellant was in custody of base authorities. The members were deliberating. Record at 194. The military judge stated that he had "indications that the members may have reached findings at least as to some of the offenses." *Id.* The military judge announced that he was going to give the defense an opportunity to consult with the appellant and determine whether they wanted to reopen and present additional evidence. Record at 194–95. At 1650, the court returned to an Article 39(a), UCMJ, session and the military judge asked the defense if there was anything to be presented to cause the military judge to reconsider his previous-day's ruling regarding proceeding *in absentia.* The defense had none. Record at 197. The defense announced that they had no further evidence to present. The military judge addressed the appellant and explained his right to testify or remain silent on the merits. Further, the military judge explained:

> MJ: Do you understand that you have a right—and I'm giving the defense the opportunity at this point to request to reopen and if you want to take the stand and testify under oath *and provide whatever additional information you care to,* this is your opportunity to do that. Do you understand that?
>
> ACCUSED: Yes, sir.
>
> MJ: And it's my understanding you do not desire to present any additional information at this stage; is that correct?
>
> ACCUSED: Yes, sir.

Record at 198 (emphasis added).

Our conclusion, based on the foregoing, is that appellant's interests were protected throughout this court-martial despite his own misconduct. He has suffered no harm and, therefore, is entitled to no relief. Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

Accordingly, the findings of guilty and sentence, as approved on review below, are affirmed.

Chief Judge LARSON and Senior Judge WELCH concur.