**UNITED STATES**

v.

**Airman First Class Jess M. DAVIS,
United States Air Force.**

**ACM 35932.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 5 March 2004.

Decided 19 Jan. 2006.

Appellate Counsel for Appellant: Colonel Carlos L. McDade, Major Terry L. McElyea, Major Andrew S. Williams, and Major John N. Page III.

Appellate Counsel for the United States: Colonel LeEllen Coacher, Lieutenant Colonel Gary F. Spencer, Lieutenant Colonel Robert V. Combs, and Major James K. Floyd.

Before STONE, SMITH, and MATHEWS, Appellate Military Judges.

## OPINION OF THE COURT

SMITH, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial composed of officer members of three specifications of assault consummated by a battery, in violation of Article 128, UCMJ, 10 U.S.C. § 928. He was acquitted of two specifications of rape and one specification of indecent assault, in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934. Even though the appellant was acquitted of those latter offenses, the disposition of those charges is germane to our consideration of his assignment of error. The convening authority approved the findings and sentence as adjudged.

The appellant moved to dismiss the charges at trial, contending the Article 32, UCMJ, 10 U.S.C. § 832, pretrial hearing was defective because the investigating officer (IO) improperly closed a portion of the proceeding to the public. The military judge found that the IO violated the appellant's right to an open Article 32, UCMJ, hearing, but he denied the motion to dismiss because the improper closure resulted in no "articulable harm" to the appellant. On appeal, the appellant asserts the military judge erred and asks that we direct a new Article 32, UCMJ, hearing with respect to two of the assault specifications. We find the military judge did err, but conclude the error did not materially prejudice the substantial rights of the appellant. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

### Background

The case involved the appellant's conduct with three young women. He allegedly raped, indecently assaulted, and twice committed a battery upon AC during their turbulent one-week relationship. He also was charged with raping LG and assaulting Airman Basic (AB) M by pinning her down on her dorm room bed and biting her arm.

AC and LG both made sworn written statements to Air Force Office of Special Investigation investigators. The trial defense counsel represented to the military judge that he had interviewed both alleged victims prior to the Article 32 hearing and "neither evinced any embarrassment or timidity regarding the alleged events." AC and LG voluntarily testified at the hearing.

Just before the hearing convened, the trial defense counsel learned that the IO intended to close the hearing during AC's and LG's testimony. The defense counsel objected, but the public was excluded during the testimony pursuant to Rule for Courts–Martial (R.C.M.) 405(h)(3). The IO had not spoken with either witness prior to his decision to close the hearing for their testimony, and there was no indication that AC or LG would be reluctant to testify in a public forum. The IO explained his reasoning in his report to the convening authority:

c. *Partial Closure of the Hearing.* On 30 Oct 03, I made the decision to partially close the hearing to spectators pursuant to RCM 405(h)(3). . . .

d. Ordinarily, Article 32 proceedings are open to spectators. However, due to the sensitive and potentially embarrassing nature of the testimony and in order to encourage complete testimony about the alleged sexual offenses, two limited portions of the hearing were closed. RCM 405(h)(3) and [Air Force Instruction] 51–201, paragraph 4.1.2, permits the investigating officer to restrict access by spectators to all or part of the proceeding when the interests of justice outweigh the public's interest in access. I believed that it was in the best interest of justice, and particularly in the best interest of [the appellant], that the convening authority had all the facts necessary to make a proper decision. I made every effort to close only those limited portions of the investigation necessary to encourage testimony by timid or embarrassed witnesses.

The trial defense counsel submitted written objections to the Article 32 investigation and asked the IO to reopen the hearing to

take AC's and LG's testimony in open court. The trial defense counsel renewed his objection at trial in a thorough, well-presented motion for appropriate relief. The military judge found that the IO's decision to close part of the proceeding was not supported by the evidence, but he declined to fashion any relief, he stated:

> simply because there was no articulable harm to [the appellant] in this particular case. Had there been any articulable harm, I would have sent these charges back and reopen[ed] the [Article] 32 again. However, in this particular case, unique to the facts of this case, there was none and therefore the only real appropriate remedy which would be reasonable at this time would have been the Writ of Mandamus route through the Air Force Court of Criminal Appeals.

### Discussion

We review the military judge's denial of the appellant's motion for appropriate relief for an abuse of discretion. *See generally United States v. Gore*, 60 M.J. 178, 187 (C.A.A.F.2004). We first consider two of the military judge's decisions: (1) His determination that the IO's partial closure of the Article 32 hearing was error; and (2) His conclusion that the appellant was not entitled to relief absent demonstrable prejudice (in his words "articulable harm").

1. *Partial closure of the Article 32 hearing*

■ It is settled that Article 32 investigations are presumptively public hearings, *San Antonio Express–News v. Morrow*, 44 M.J. 706, 709–710 (A.F.Ct.Crim.App.1996), and that, "absent 'cause shown that outweighs the value of openness,' the military accused is likewise entitled to a public Article 32 investigative hearing." *ABC, Inc. v. Powell*, 47 M.J. 363, 365 (C.A.A.F.1997) (quoting *Press–Enterprise Co. v. Superior Court of California, Riverside County*, 464 U.S. 501, 509, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984)). Our superior court has also noted that the right to a public hearing is not absolute, and the decision whether closure of a hearing is necessary is made on a "case-by-case, witness-by-

witness, and circumstance-by-circumstance basis." *Id.*

■ The IO obviously tried to make a tailored determination. The problem, as the military judge found, was that the IO had no factual basis to support it. Closure might have been justified if, for example, that was the only way to obtain AC's and/or LG's testimony. But the IO simply concluded, prospectively, that the witnesses would be timid or embarrassed. His conclusion, however well-intentioned, was insufficient to abridge the appellant's right to an open Article 32 hearing. We agree with the military judge that closure "did violate the [appellant's] right to an open hearing by closing spectator access to the proceeding for two crucial government witnesses, [AC] and [LG]."

2. *Testing for prejudice at trial*

Having found error, the military judge concluded relief hinged on evidence of articulable harm to the appellant. The military judge found that a "real and reasonable remedy" existed at the time of the IO's decision: immediate application to this Court for an order to open the hearing. He found no evidence of actual interference with the presentation of the appellant's defense at the Article 32 hearing.

■ "[I]f an accused is deprived of a *substantial pretrial right* on timely objection, he is entitled to judicial enforcement of his right, without regard to whether such enforcement will benefit him at the trial." *United States v. Mickel*, 26 C.M.R. 104, 107, 1958 WL 3310 (C.M.A.1958) (emphasis added). An accused's right to a public Article 32 investigative hearing is a "substantial pretrial right" protected by the Sixth Amendment to the Constitution. *Powell*, 47 M.J. at 365; *United States v. Chuculate*, 5 M.J. 143, 144–45 (C.M.A.1978). The issue is whether a violation of this particular right, established upon timely complaint at trial, warrants withdrawal of the affected charges and a new Article 32 investigative hearing.

■ Although we have not had recent occasion to consider the consequence of violating an accused's substantial pretrial rights,

we have relied on *Mickel* to conclude that an appellant need not show prejudice at trial if a violation is established. *See, e.g., United States v. Miro,* 22 M.J. 509, 511 (A.F.C.M.R. 1986) (Article 32 IO did not allow trial defense counsel adequate time to prepare for investigative hearing); *United States v. Castleman,* 11 M.J. 562, 565 (A.F.C.M.R.1981) (accused denied impartial investigation because of personal relationship between Article 32 IO and the accuser).

■   *Mickel* recognized that an accused is entitled to judicial enforcement of his or her substantial pretrial rights. The military judge in this case implicitly concluded the appellant was required to pursue judicial enforcement of his rights through an extraordinary writ. However, our Court is not the exclusive avenue for addressing alleged violations of substantial pretrial rights.[1] These allegations may be raised at trial, and the appellant did so. Having established a violation of his substantial pretrial rights, the appellant should have had his right to a public pretrial investigative hearing enforced by the military judge—without a showing of prejudice or articulable harm. We find the military judge abused his discretion by not dismissing the affected charges to allow for reinvestigation under Article 32.

### Article 66(c), UCMJ, review

■   The appellant contends a new Article 32 hearing is still the appropriate remedy regarding the two assault specifications involving AC, and he urges us to apply a per se reversal rule. We decline to do so. Article 59(a), UCMJ, is clear: "[a] finding or sentence of court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused." In *Mickel,* our superior court recognized the relationship between pretrial error and prejudice at trial:

> Once the case comes to trial on the merits, the pretrial proceedings are superseded by the procedures at the trial; the rights accorded to the accused in the pretrial

stage merge into his rights at trial. If there is no timely objection to the pretrial proceedings *or no indication that these proceedings adversely affected the accused's rights at the trial,* there is no good reason in law or logic to set aside his conviction.

*Mickel,* 26 C.M.R at 107 (emphasis added).

The error in this case was of constitutional magnitude; therefore, we test for material prejudice using the harmless beyond a reasonable doubt standard. *United States v. Kreutzer,* 61 M.J. 293, 298 (C.A.A.F.2005). The appropriate inquiry is "whether, beyond a reasonable doubt, the error did not contribute to the [appellant's] conviction or sentence." *Id.* (citations omitted).

AC and LG recounted their allegations against the appellant a number of times, and their individual accounts remained consistent throughout the process. The trial defense counsel had their written statements, he interviewed both witnesses prior to the Article 32 hearing, and he cross-examined them at the hearing itself. There is no evidence that the trial defense counsel's pretrial preparation was impeded because AC and LG did not testify in an open Article 32 hearing, and there is no evidence that their testimony would have changed in any material respect had they testified at a second Article 32 hearing, even one open to the public.

At trial, the trial defense counsel conducted very detailed cross-examination of both witnesses, primarily focused on the most serious charges of rape and indecent assault. He effectively challenged AC and LG on their perceptions and the details of their allegations. As a direct result, his client was acquitted of both alleged rapes and the indecent assault of AC.

The trial defense counsel's cross-examination of AC regarding the two assault specifications was limited. The first specification alleged that the appellant grabbed AC's arms with his hands in a bar in Acuna, Mexico. In his cross-examination of her, the trial defense

---

1.  Nevertheless, *given the Constitutional significance of open proceedings, an accused and counsel should consider seeking such relief under the All–Writs Act, 28 U.S.C. § 1651. See Morrow,* 44

M.J. at 706; *Powell,* 47 M.J. at 363; and *In re Senior Airman Ahmad I. Al Halabi,* Misc. Dkt. 2003–07 (A.F.Ct.Crim.App. 16 Sep 2003).

counsel asked AC about comments the appellant made during the brief altercation, but he did not challenge her underlying assault allegation. The second specification alleged that the appellant grabbed AC's arm and twisted it behind her back at her house in Del Rio, Texas. The trial defense counsel briefly touched on the incident during cross-examination, implicitly questioning her credibility when she admitted to joining the appellant in her pool shortly after the assault.

In light of the evidence presented on the two assaults of AC, including the general evidence of the appellant's behavior with and demeanor toward women, we find that the error in this case was not a factor in obtaining the appellant's conviction. *See Kreutzer,* 61 M.J. at 298–99. We conclude that the military judge's refusal to dismiss the affected charges for reinvestigation was harmless beyond a reasonable doubt.

### Conclusion

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.