UNITED STATES, Appellee

v.

Jess M. DAVIS, Airman First Class
U.S. Air Force, Appellant

No. 06-0439

Crim. App. No. 35932

United States Court of Appeals for the Armed Forces

Argued January 17, 2007

Decided April 23, 2007

EFFRON, C.J., delivered the opinion of the Court, in which
BAKER, ERDMANN, and STUCKY, JJ., joined.  RYAN, J., filed a
separate concurring opinion.


Counsel


For Appellant:  Major John N. Page III (argued); Lieutenant
Colonel Mark R. Strickland (on brief).



For Appellee:  Captain Donna S. Rueppell (argued); Colonel
Gerald R. Bruce and Lieutenant Colonel Robert V. Combs (on
brief).


Military Judge:  James L. Flanary



THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Chief Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer members convicted Appellant, contrary to his pleas, of assault consummated by a battery (three specifications) in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928 (2000). The court-martial returned findings of not guilty with respect to rape (two specifications) and indecent assault (one specification). See Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934 (2000). The sentence adjudged by the court-martial and approved by the convening authority included a bad-conduct discharge, confinement for six months, and reduction to the lowest enlisted grade. The United States Air Force Court of Criminal Appeals affirmed. United States v. Davis, 62 M.J. 645 (A.F. Ct. Crim. App. 2006).

On Appellant's petition, we granted review of the following issue:

> WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS
> ERRED WHEN IT REQUIRED APPELLANT TO DEMONSTRATE
> PREJUDICE FROM THE DENIAL OF HIS SUBSTANTIAL
> PRETRIAL RIGHT TO AN OPEN ARTICLE 32 HEARING,
> CONTRARY TO THE COURT'S OPINION IN UNITED STATES
> V. CHUCULATE, 5 M.J. 143 (C.M.A. 1978) THAT
> STATES THE COURT WILL NOT TEST FOR PREJUDICE.

For the reasons set forth below, we affirm.

2

United States v. Davis, No. 06-0439/AF

## I.  BACKGROUND

### A.  PUBLIC ACCESS TO PRETRIAL HEARINGS UNDER ARTICLE 32, UCMJ

A formal pretrial investigation is a predicate to the referral of charges to a general court-martial unless the accused waives the pretrial proceeding.  Article 32, UCMJ, 10 U.S.C. § 832 (2000); Rule for Courts-Martial (R.C.M.) 405(a).  The procedures for an Article 32 hearing include representation of the accused by counsel, the right to present evidence, and the right to call and cross-examine witnesses.  Article 32(b); R.C.M. 405(b)-(i).

A military accused is entitled to a public Article 32 hearing "absent cause shown that outweighs the value of openness."  ABC, Inc. v. Powell, 47 M.J. 363, 365 (C.A.A.F. 1997) (citation and quotation marks omitted).  R.C.M. 405(h)(3) vests the authority to close an Article 32 hearing in the commander who ordered the investigation.  A command decision to close an Article 32 hearing must be made on a "case-by-case, witness-by-witness, and circumstance-by-circumstance basis."  Powell, 47 M.J. at 365.  The present appeal concerns the applicable standards at both the trial and appellate level for reviewing a decision to close all or part of an Article 32 hearing.

B.   PARTIAL CLOSURE OF APPELLANT'S ARTICLE 32 HEARING

The charges in the present case alleged sexual offenses against three women, AC, LG, and MM.  All three appeared voluntarily at the Article 32 hearing.  Immediately prior to the hearing, defense counsel learned that the investigating officer planned to close the proceeding during the testimony of AC and LG.  Defense counsel objected on the ground that "[n]either evinced any embarrassment or timidity regarding the alleged events" during defense counsel's interviews prior to the hearing.  The investigating officer overruled the objection and excluded the public during AC and LG's testimony "due to the sensitive and potentially embarrassing nature of the testimony and in order to encourage complete testimony about the alleged offenses . . . ."

At trial, Appellant moved to dismiss the charges, contending that the investigating officer improperly closed a portion of the Article 32 hearing.  The military judge ruled that the investigating officer had violated Appellant's right to an open Article 32 hearing, but declined to order relief on the ground that improper closure resulted in no "articulable harm" to Appellant.

C.   CONSIDERATION OF CLOSURE BY THE COURT OF CRIMINAL APPEALS

On appeal, the Court of Criminal Appeals agreed with the military judge that the investigating officer violated

Appellant's right to a public Article 32 hearing. Davis, 62
M.J. at 647. The court further determined that the military
judge erred in failing to provide a remedy. Id. at 647-48.
Taking note of Appellant's timely objection at trial, the court
observed: "Having established a violation of his substantial
pretrial rights, the appellant should have had his right to a
public pretrial investigative hearing enforced by the military
judge -- without a showing of prejudice or articulable harm."
Id. at 648. The court concluded that "the military judge abused
his discretion by not dismissing the affected charges to allow
for reinvestigation under Article 32." Id.

After concluding that the military judge erred, the Court
of Criminal Appeals tested that error for prejudice. Id. The
court concluded that the error in closing a portion of the
Article 32 proceeding did not result in prejudice to the
findings and sentence at trial. Id. at 648-49. In particular,
the court noted that: (1) the defense counsel had access to
written statements by the witnesses and had interviewed the
witnesses prior to trial; (2) defense counsel had cross-examined
the witnesses at the Article 32 hearing; (3) defense counsel
cross-examined the witnesses in the subsequent public trial; (4)
the witnesses recounted their allegations at various times
before and during the trial and their individual accounts
remained consistent throughout the process; (5) there was no

5

evidence that the closure of the Article 32 hearing impeded defense counsel's trial preparation or that the testimony of the witnesses would have changed had there been a second, open Article 32 proceeding; and (6) defense counsel was able to effectively cross-examine the witnesses, resulting in acquittal of both alleged rapes and one indecent assault.  Id.

The Government has not appealed the ruling of the military judge, affirmed by the Court of Criminal Appeals, that the investigating officer erred in closing the Article 32 proceeding.  Likewise, the Government has not appealed the determination of the Court of Criminal Appeals that the military judge erred by not requiring a new Article 32 proceeding in light of the closure.  The present appeal calls upon our Court to determine whether:  (1) the Court of Criminal Appeals correctly determined that the military judge's error should be tested for prejudice, and (2) whether the court correctly concluded that the error was not prejudicial.

D.   DIVERGENT VIEWS IN PRIOR CASES REGARDING CONSIDERATION OF
      PREJUDICE DURING APPELLATE REVIEW OF ARTICLE 32 ERRORS

Before our Court, parties in the present appeal have cited cases that reflect two different approaches to the evaluation of error in Article 32 proceedings.  One line of cases holds that appellate courts must test Article 32 errors for prejudice. See, e.g., United States v. Mickel, 9 C.M.A. 324, 327, 26 C.M.R.

6

104, 107 (1958) (testing for prejudice the denial of right to counsel at Article 32 hearing); United States v. Holt, 52 M.J. 173, 184 (C.A.A.F. 1999) (testing for prejudice inappropriate post-hearing conduct by the Article 32 investigating officer); United States v. Johnson, 53 M.J. 459, 462 (C.A.A.F. 2000) (testing for prejudice the improper production of witness at Article 32 proceeding by illegal subpoena); United States v. Stirewalt, 60 M.J. 297, 302 (C.A.A.F. 2004) (testing for prejudice when Article 32 investigating officer later served as staff judge advocate on case returned for rehearing).

A second line of cases provides for reversal without a showing of prejudice upon timely objection to an error at the Article 32 hearing. See, e.g., United States v. Worden, 17 C.M.A. 486, 489, 38 C.M.R. 284, 287 (1968) (reversing conviction based upon timely objection to denial of effective assistance of counsel at Article 32 proceeding); United States v. Maness, 23 C.M.A. 41, 47, 48 C.M.R. 512, 518 (1974) (reversing conviction based upon timely objection to denial of civilian counsel at Article 32 proceeding); United States v. Donaldson, 23 C.M.A. 293, 294, 49 C.M.R. 542, 543 (1975) (reversing conviction upon timely objection to Article 32 investigating officer's legal authority); United States v. Chestnut, 2 M.J. 84, 85 (C.M.A. 1976) (reversing conviction upon timely objection to failure to produce rape victim at Article 32 hearing); see also United

States v. Chuculate, 5 M.J. 143, 145-46 (C.M.A. 1978) (declining to reverse conviction for failure to produce a civilian witness at the Article 32 proceeding when the defense failed to request a deposition in lieu of live testimony and there was no showing of adverse effect at trial).

## II.  ANALYSIS

### A.  CONSIDERATION OF ARTICLE 32 ERRORS DURING DIRECT REVIEW OF THE FINDINGS AND SENTENCE

The parties have not articulated, and we have not identified, a persuasive theory that would justify two separate lines of authority for evaluating the effects of an erroneous ruling at trial with respect to the rights of an accused under Article 32.  In that light, we identify here a set of principles for evaluating the effect of a ruling in which a military judge erroneously failed to provide an adequate remedy at trial for a violation of the rights of the accused in an Article 32 proceeding.

We begin our analysis with the applicable statutory requirement for evaluation of an error:  "A finding or sentence of court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused."  Article 59(a), UCMJ, 10 U.S.C § 859(a) (2000).  Article 59(a) establishes an appellate

standard for review of the findings and sentence, not a trial-level standard for ruling on motions.  In that regard, we note that the Court of Criminal Appeals correctly held that the military judge erred by requiring a showing of prejudice as a precondition to providing a remedy for violation of Appellant's rights at an Article 32 proceeding.  Davis, 62 M.J. at 647-48.

The UCMJ and the Manual for Courts-Martial provide an accused with a substantial set of rights at an Article 32 proceeding.  See, e.g., R.C.M. 405.  As a general matter, an accused is required to identify and object to any errors in the Article 32 proceeding at the outset of the court-martial, prior to trial on the merits.  See R.C.M. 905(b)(1).  When an accused makes an objection at that stage, the impact of an Article 32 violation on the trial is likely to be speculative at best.  The time for correction of such an error is when the military judge can fashion an appropriate remedy under R.C.M. 906(b)(3) before it infects the trial, not after the members, witnesses, and parties have borne the burden of trial proceedings.  See Mickel, 9 C.M.A. at 327, 26 C.M.R. at 107; R.C.M. 906(b)(3).  In the event that an accused disagrees with the military judge's ruling, the accused may file a petition for extraordinary relief to address immediately the Article 32 error.  See ABC, Inc. v. Powell, 47 M.J. 80 (C.A.A.F. 1997) (granting petition for extraordinary relief and issuing a writ of mandamus).

When the case reaches the appellate courts on direct review, however, the situation is quite different. Article 59(a), like its federal civilian counterpart, Fed. R. Crim. P. 52(a), recognizes that errors are likely to occur in the dynamic atmosphere of a trial, and that prejudice must be shown before reversing the findings or sentence. Article 59(a) is applied through standards of review and appellate burdens tailored to the issue on appeal. As a general matter, for example, if an appellant demonstrates that a ruling by the military judge was in error, the burden then shifts to the government to demonstrate that the error was harmless. United States v. Pollard, 38 M.J. 41, 52 (C.M.A. 1993). If the error is of constitutional dimension or involves unlawful command influence, the government must show that the error was harmless beyond a reasonable doubt. See United States v. Bins, 43 M.J. 79, 86 (C.A.A.F. 1995) (constitutional error); United States v. Biagase, 50 M.J. 143, 151 (C.A.A.F. 1999) (unlawful command influence). An error is treated as inherently prejudicial, without the need for a further showing of prejudice, only if it amounts to a "structural defect[] in the constitution of the trial." See United States v. Meek, 44 M.J. 1, 6 (C.A.A.F. 1996).

In summary, on appeal we evaluate an error in an Article 32 proceeding under Article 59(a). The standard of review and

allocation of burdens in such cases depends on whether the defect amounts to a structural constitutional error or other constitutional error, unlawful command influence, or other nonconstitutional error. To the extent that our prior case law reflects inconsistent treatment of Article 59(a) in the context of Article 32 errors, we take this opportunity to reiterate that Article 59(a) applies to all Article 32 errors considered on direct review of the findings and sentence of a court-martial.

   B.   IMPACT OF THE ERROR IN APPELLANT'S ARTICLE 32 HEARING

     Although the Article 32 investigation is an important element of the military justice process, it is not part of the court-martial. An Article 32 investigation takes place before the convening authority's decision to refer a case for trial by general court-martial. See R.C.M. 405(a); R.C.M. 407(a)(5); R.C.M. 601(d)(2)(A). A case may be referred to trial by special court-martial without conducting an Article 32 investigation, even though a special court-martial can result in the stigma of a punitive discharge and confinement for up to one year. See R.C.M. 201(f)(2)(B); R.C.M. 404; R.C.M. 405(a). In light of those considerations, the Article 32 investigation is not so integral to a fair trial that an error in the proceeding necessarily falls within the narrow class of defects treated by the Supreme Court as structural error subject to reversal without testing for prejudice. See Arizona v. Fulminante, 499

11

U.S. 279, 307-10 (1991) (distinguishing between "trial errors" and "structural defects" when applying harmless error analysis); 2 Steven A. Childress & Martha S. Davis, Federal Standards of Review § 7.03 (3d ed. 1999).

The court below treated the error as a nonstructural error of constitutional dimension that could be tested for prejudice. Davis, 62 M.J. at 648. The lower court concluded that the error in closing the proceeding was harmless beyond a reasonable doubt. Id. at 649.

We need not determine in this case whether the improper closure of the Article 32 proceeding was an error of constitutional or nonconstitutional dimension. As summarized above in Section I.C., the Court of Criminal Appeals conducted a detailed prejudice evaluation of the erroneous partial closure of the Article 32 hearing, concluding that the error was harmless beyond a reasonable doubt. Davis, 62 M.J. at 648-49. We agree with the Court of Criminal Appeals for the reasons set forth in that court's opinion. Id. In short, irrespective of whether the error was of constitutional or nonconstitutional dimension, the court below did not err in affirming Appellant's conviction.

## III. CONCLUSION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. Davis, No. 06-0439/AF

Ryan, Judge (concurring):

I agree with the conclusion of the majority opinion that the erroneous partial closure of this Article 32, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 832 (2000), investigation was harmless, irrespective of the characterization of the nature of this error. I write separately because the lower court's citation to and reliance on ABC, Inc. v. Powell, 47 M.J. 363 (C.A.A.F. 1997), to support the position that the Sixth Amendment right to an "open trial" applies at an Article 32, UCMJ, investigation is misplaced, and there is no reason for this Court not to say so.

Powell does not hold that the Sixth Amendment right to a public trial applies to an Article 32, UCMJ, investigation. Indeed, while Powell recognizes that this Court has "never addressed the direct question whether the Sixth Amendment to the Constitution affords a military accused the right to a public Article 32 hearing[,]" 47 M.J. at 365, Powell does not itself answer that direct question. I respectfully disagree that we should avoid correcting an obvious misapprehension of Powell's holding by at least one of the Courts of Criminal Appeals.

Regarding the answer to the question whether there is a right to an open Article 32, UCMJ, investigation under the Sixth Amendment, I agree with the majority opinion that the issue was neither raised by the Government nor briefed by the parties. This case is thus not the proper vehicle to address

the question, even though, in response to questions from the Court, both parties appeared to concede at argument that the Sixth Amendment right to a public trial is not applicable to a pretrial proceeding under Article 32, UCMJ.

Of course, but for the lower court's opinion and rationale for its holding, I would not have thought that this was either an open or close question. The pertinent language of the Sixth Amendment states, "In all criminal prosecutions, the accused shall enjoy the right to a . . . public <u>trial</u> . . . ." U.S. Const. amend. VI (emphasis added). As the majority recognizes, the Article 32, UCMJ, investigation is not itself part of the court-martial -- the trial. __ M.J. __ (11) (stating that the Article 32, UCMJ, investigation "is not part of the court-martial"). Rather, it precedes the trial.

Pursuant to Article 32(a), UCMJ, no charge may even be referred to a trial by general court-martial until the Article 32, UCMJ, pretrial investigation has been completed. <u>See</u> Rule for Courts-Martial (R.C.M.) 405(a); R.C.M. 407(a)(5); R.C.M. 601(d)(2). The Article 32, UCMJ, investigation precedes all of the following: the determination whether there will be a trial; the decision whether the charge will be referred to general court-martial; and the decision as to what charges, if any, may be referred to a general court-martial. <u>See</u> Article 32, UCMJ.

Given the language of the Sixth Amendment and the logical and temporal divide between "trial" and "pretrial," I await with

2

interest arguments in the appropriate case that address whether the Sixth Amendment right to a public trial applies to a pretrial Article 32, UCMJ, investigation.